562 So.2d 384 (1990)
Alpha SHEFFIELD and Wesley Sheffield, Her Husband, Appellants,
v.
Albert J. DAVIS, M.D. and Albert J. Davis, M.D. & Associates, P.A., Appellees.
No. 89-02005.
District Court of Appeal of Florida, Second District.
May 25, 1990.
*385 Thomas H. McGowan, St. Petersburg, for appellants.
Kenneth C. Deacon, Jr. and Marian B. Rush of Harris, Barrett, Mann & Dew, St. Petersburg, for appellees.
PARKER, Judge.
Alpha and Wesley Sheffield appeal a final judgment in favor of appellees, Albert J. Davis, M.D., and Albert J. Davis, M.D. & Associates, P.A., entered upon the lower court's finding that the Sheffields' claim for medical malpractice was barred by the statute of limitations. The Sheffields also contest the trial court's denial of their request to amend their complaint to conform with the limitations period.[1] Because we conclude that the statute of limitations had not expired at the time the Sheffields filed their complaint, we reverse the judgment for appellees and remand to the trial court to proceed with the lawsuit.
The central issue raised by this appeal is whether the provision under section 768.57(4), Florida Statutes (1987),[2] which states that the statute of limitations is tolled during the ninety-day period and any extension following the mailing of the notice of intent to initiate litigation, must be interpreted to mean that the limitations period is suspended during that time and does not resume running until after the ninety-day period, together with any extension, is completed. For the reasons which follow, we believe the tolling provision must be interpreted in that manner.
The pertinent portions of section 768.57 state:
(2) Prior to filing a claim for medical malpractice, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical malpractice.
(3)(a) No suit may be filed for a period of 90 days after notice is mailed to the prospective defendant....
(b) At or before the end of the 90 days, the insurer or self-insurer shall provide the claimant with a response;
1. Rejecting the claim;
2. Making a settlement offer; or
3. Making an offer of admission of liability
... .
(c) ... Failure of the prospective defendant or insurer or self-insurer to reply to the notice within 90 days after receipt shall be deemed a final rejection of the claim for the purposes of this section.
(4) The notice of intent to initiate litigation shall be served within the time *386 limits set forth in s. 95.11.[[3]] However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
§ 768.57, Fla. Stat. (1987) (emphasis supplied).
Although the terms "toll" or "tolled" often appear in the Florida Statutes,[4] Florida Rules of Juvenile Procedure,[5] Florida Rules of Appellate Procedure,[6] and Rules Regulating the Bar,[7] none of these sources contain a definition of "toll" or "tolled." Nor have we found any Florida cases which provide a meaning for these words. Black's Law Dictionary provides the following definitions of "toll":
To bar, defeat, or take away; thus, to toll the entry means to deny or take away the right of entry.
To suspend or stop temporarily as the statute of limitations is tolled during the defendant's absence from the jurisdiction and during the plaintiff's minority.
Black's Law Dictionary 1334 (5th ed. 1979). Webster's Third New International Dictionary Unabridged defines "toll" as
To take away; make null; remove, as to remove the statute of limitations.
Webster's Third New Int'l Dictionary 2405 (1986).
Other statutes which provide for the statute of limitations to be tolled have interpreted tolling so as to suspend the running of the limitations period until the particular disability or circumstance which caused the tolling to occur has passed. See, e.g., First Federal Sav. & Loan Ass'n of Wisconsin v. Dade Federal Sav. & Loan Ass'n, 403 So.2d 1097 (Fla. 5th DCA 1981) (fraudulent concealment as tolling statute of limitations); Levy v. Kirk, 187 So.2d 401 (Fla. 3d DCA 1966) (absence from state as tolling statute of limitations); Gillespie v. Florida Mortgage & Inv. Co., 96 Fla. 35, 117 So. 708 (1928) (incompetency as basis for tolling statute of limitations). At that point, the statute commences to run again as if the tolled period had never transpired.
The rule of statutory construction favors according statutes their plain and obvious meaning, and one must assume that the legislature knew the plain and ordinary meanings of words when it chose to include them in a statute. Reed By and Through Lawrence v. Bowen, 503 So.2d 1265 (Fla. 2d DCA 1986), approved, 512 So.2d 198 (Fla. 1987). When the language of a statute is clear and not unreasonable or illogical in its operation, the court may not go outside the statute to give it a different meaning. Id. Effectively, such an interpretation results in enlarging always the two-year limitations period within which to institute medical malpractice claims by 90 days or by 180 days as extended in this case, whichever is applicable. Although not expressly addressing the issue as framed in this case, the same result was obtained in Abston v. Bryan, 519 So.2d 1125 (Fla. 5th DCA 1988), in which the fifth district concluded the complaint alleging medical malpractice was filed timely within two years and ninety days of the accrual of the claim. (Emphasis supplied.)
The medical treatment which prompted this lawsuit and commenced the running of the statute of limitations was alleged in the complaint to have occurred on January 31, 1986. The Sheffields filed their notice of *387 intent to initiate litigation against appellees on September 19, 1986, which commenced the ninety-day informal discovery period between the parties during which no lawsuit could be filed. On December 18, 1986, the Sheffields requested and were granted an additional ninety-day extension to investigate the claim further. At the conclusion of this 180-day investigatory period, the Sheffields still had more than ten months remaining under the limitations statute to bring their claim for medical malpractice. This lawsuit ultimately was filed on April 25, 1988, more than two years after the limitations period commenced to run based upon the treatment date asserted in the complaint. Because we hold that the limitations statute was arrested during the 180-day discovery period, the Sheffields had 180 days beyond the conclusion of the two-year statute on January 31, 1988, within which to file their complaint.
Appellees argue that the ninety-day period provided under section 768.57(4) only comes into play in the situation where the notice of intent to litigate is filed within ninety days or less of the end of the statutory period so that the provision of this time for investigation and settlement of claim does not result in the plaintiff losing the cause of action because of the expiration of the limitations period. In that circumstance alone, appellees maintain the statutory period of limitations is extended by the 90 or 180 days, whichever applies. That argument, although persuasive, is unavailing. Whether the action is filed at the beginning or at the end of the two-year limitations period, section 768.57(4) demands that the limitations statute be "tolled" during the 90 or 180 days of investigation. Therefore, according "tolled" a plain and uniform meaning, we hold that in every instance the limitations statute for medical malpractice claims will be extended beyond its two years by the applicable pre-suit investigation period.
Our holding leads us to conclude that the Sheffields' complaint was filed timely within the limitations period as tolled during the 180 days of pre-suit investigation. We reverse the judgment entered on the pleadings for the appellees and remand to the trial court to proceed on the merits of the Sheffields' claim.
Reversed and remanded.
LEHAN, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Because this opinion holds that the Sheffields' first complaint was filed timely, we do not reach the issue concerning the denial of the Sheffields' request to amend their complaint. We point out, however, that lower courts generally should grant amendments liberally and that leave to amend should not be denied unless the privilege has been abused or the complaint is clearly not subject to being amended. Fla.R. Civ.P. 1.190; Plant v. Decks, 486 So.2d 37 (Fla. 2d DCA 1986).
[2] Section 768.57, Florida Statutes (1987) was revised and transferred to section 766.106, Florida Statutes (Supp. 1988). Former section 768.57(4) (now section 766.106(4)) was maintained intact in the revision.
[3] Section 95.11(4)(b), Florida Statutes (1987) provides a two-year statute of limitations for medical malpractice claims.
[4] Sections 44.304, 95.051, 120.54, 327.3521, 403.913 and 627.062, Florida Statutes (1987).
[5] Fla.R.Juv.P. 8.170, 8.230 and 8.820.
[6] Fla.R.App.P. 9.300.
[7] Fla.R.Jud.Admin. 6-10.5 and 6-12.-5.