589 So.2d 404 (1991)
Virginia L. NOVITSKY, et ux., Appellants,
v.
Michael H. HARDS, D.D.S., etc., Appellee.
No. 90-2651.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
Rehearing Denied December 13, 1991.
*405 Ronald S. Gilbert, Orlando, for appellants.
Martin B. Unger, of Taraska, Grower, Unger & Ketcham, P.A., Orlando, for appellee.
W. SHARP, Judge.
Virginia and Edward Novitsky appeal from a final summary judgment denying them any relief in their dental malpractice action against Dr. Michael Hards. The basis for the summary judgment was that the two-year medical malpractice statute of limitations had run, prior to the time this lawsuit was filed on July 13, 1989.[1] The trial court held that the various tolling provisions (§ 768.57(4); § 768.495(2)) were not applicable because a letter of intent to sue was sent by certified mail to the insurance carrier for Dr. Hards on August 29, 1988. If that letter constituted a proper notice of intent to sue, this lawsuit was filed well past the tolled time under the statutes. We reverse.
The record in this case shows that on January 12, 1987, Virginia Novitsky went to Dr. Michael Hards' dental office to have a crown put on her tooth. Dr. Hards inadvertently dropped the crown while attempting to put it on her tooth. It fell into Virginia's lung and she had to be taken to the hospital to have it removed. Pursuant to this lawsuit, she sought damages resulting from that event.
On August 29, 1988, Virginia's attorney sent a letter to Dr. Hards' malpractice insurance carrier. On January 10, 1989, her attorney sent a letter to Dr. Hards by certified mail, giving notice of intent to initiate litigation. On that same date, Virginia filed a petition for extension pursuant to section 768.495. The lawsuit was filed on July 13, 1989.
Dr. Hards primarily relies on the fact that the letter to the malpractice insurance carrier, if it constitutes the Novitskys' letter of intent under section 768.57,[2] would make the filing of this lawsuit postdate any tolled period of time. The Novitskys argue *406 that the letter to the insurance carrier was not proper for this purpose because it was neither addressed nor directed to Dr. Hards. The statute provides:
(2) Prior to filing a claim for medical malpractice, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical malpractice.
(3)(a) No suit may be filed for a period of 90 days after notice is mailed to the prospective defendant, except that this period shall be 180 days if controlled by s. 768.28(6)(a). Reference to the 90-day period includes such extended period. During the 90-day period, the prospective defendant's insurer or self-insurer shall conduct a review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period ...
(4) The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
This court, as well as others, has taken the view that to constitute a notice-of-intent letter under this statute and to obtain the benefit of the tolling effect, the statute must be strictly complied with. See Ingersoll v. Hoffman, 561 So.2d 324 (Fla. 3d DCA 1990), quashed on other grounds, 589 So.2d 223 (Fla. 1991); Glineck v. Lentz, 524 So.2d 458 (Fla. 5th DCA), rev. denied, 534 So.2d 399 (Fla. 1988); Public Health Trust of Dade County v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986). In Ingersoll, a notice letter mailed to the defendant's brother who was practicing dentistry in the same office as the defendant and who shared the same last name, was not sufficient compliance with the statute.[3] In Glineck, we held that actual oral notice of intent to sue did not meet the statute's requirement that notice be written and sent by certified mail. Similarly in Public Health Trust, notice to the defendant hospital was not sufficient where the plaintiff failed to notify the defendant university and defendant physician.[4]
Based on these cases, and this strict view of the statute, we would not have found the Novitskys' letter to Dr. Hards' insurance carrier sufficient to trigger the tolling of the statute. Logically it also follows that the letter to Dr. Hards' insurance carrier could not constitute the notice letter required under the statute for any purpose. It should have been disregarded.
The January 10, 1989 letter addressed to Dr. Hards, D.D.S.,P.A., as presented in this record for purposes of summary judgment,[5] appears to us sufficient *407 to commence the ninety-day tolling period. Dr. Hards argues that he is not and never has been a P.A. (professional association). However, those initials following his name and title may be considered surplusage, absent a showing that this technical defect prevented Dr. Hards from actually receiving notice of Virginia Novitsky's complaint and intent to sue. No such position was advanced here.
Since the letter of intent was mailed on January 10, 1989, two days before the expiration of the two-year statute of limitations, Virginia had ninety days under the statute, plus sixty days, under subsection (4), in which to file the lawsuit. That would have pushed the filing of the suit deadline to June 9, 1989.[6]
But, on January 10, 1989, the Novitskys also filed a petition to extend the filing time of the lawsuit, pursuant to section 768.495(2).[7] That statute provides as follows:
(2) Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
Dr. Hards argues the Novitskys should not be entitled to still another tolling period following the ninety and sixty-day periods provided under section 768.57(4). However, the statute expressly says that its ninety-day period is "in addition to other tolling periods." Sections 768.495(2) and 768.57(4) are different statutes and thus contain different tolling periods. We agree with Angrand v. Fox, 552 So.2d 1113 (Fla. 3d DCA 1989), rev. denied, 563 So.2d 632 (Fla. 1990), that the time periods of these two statutes can be stacked, consecutively, in a case such as this one.
If another ninety days is added to the Novitskys' June 9 lawsuit filing deadline, the filing deadline becomes September 7, 1989. The lawsuit which was filed July 13, 1989 was therefore timely. Accordingly, we reverse the final summary judgment entered below and remand for further proceedings.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Section 95.11(4)(b), provides that:

An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; ...
[2] This statute was revised and transferred to section 766.106, Florida Statutes (Supp. 1988).
[3] In Ingersoll v. Hoffman, 589 So.2d 223 (Fla. 1991), the Florida Supreme Court held that the failure to comply with the pre-litigation notice requirements of section 768.57 may be excused by a showing of estoppel or waiver. The court concluded that the defendant had waived the issue of proper notice by failing to timely raise the issue in his pleadings and thus declined to decide whether the exchange of correspondence between the defendant's insurance carrier and the Ingersolls' attorney by itself constituted a waiver or estoppel. The court, however, did note that mere knowledge of a potential claim cannot constitute a waiver or estoppel and that the pre-suit notice and screening requirements of section 768.57 represent more than "mere technicalities."
[4] See also Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), rev. denied, 511 So.2d 299 (Fla. 1987). In that case, the second district overturned the lower court's order declaring that the pre-filing notice requirements in section 768.57 were unconstitutional. The second district also rejected the trial court's finding that service of the malpractice complaint satisfies the statutory pre-filing notice requirement.
[5] This letter is not in the record, but Dr. Hards referred to it in his motion for summary judgment.
[6] See Rhoades v. Southwest Florida Regional Medical Center, 554 So.2d 1188 (Fla. 2d DCA 1989).
[7] Section 768.495, Florida Statutes (1987) was transferred to section 766.104, Florida Statutes (Supp. 1988).