The Honorable Alfred Lawson Representative, District 8 Florida House of Representatives 311 House Office Building Tallahassee, Florida 32399-1300
Dear Representative Lawson:
You state that it has come to your attention that s. 791.04, F.S., is being relied upon by fireworks sellers to justify the sale of fireworks in this state. In order to determine whether amendatory legislation is necessary, you ask substantially the following questions:
1)Does the language in s. 791.04, F.S., permitting the sale of fireworks shipped directly out of state by the manufacturer, distributor, or wholesaler, authorize manu-facturers, distributors, or wholesalers of sparkler and firework products to sell fire-works to consumers who agree to transport the fireworks from the seller's place of business? 2)Does the exception in s.791.04, F.S., for the sale of fireworks shipped directly out of state by the manufacturer, distributor, or wholesaler, authorize anyone other than a manufacturer, distributor, or wholesaler registered with the State Fire Marshal to sell fireworks in this state? 3)Does s. 791.04, F.S., authorize the sale of fireworks to consumers in this state?
In sum:
1)Section 791.04, F.S., in permitting the sale of fireworks shipped directly out of state by the manufacturer, distributor, or wholesaler, does not authorize manufacturers, distributors, or wholesalers of sparkler and firework products to sell fireworks to consumers who agree to transport the fireworks from the seller's place of business. 2)The exception in s. 791.04, F.S., for the sale of fireworks shipped directly out of state by the mnufacturer, distributor, or wholesaler, applies only to manufacturers, distributors, or wholesalers as those terms are defined in Ch. 791, F.S., who have registered with the Division of the State Fire Marshal of the Department of Insurance. 3)Section791.04, F.S., does not permit the sale of fireworks to consumers generally but does except the sale of fireworks for certain specified purposes from the general prohibition against the sale of fireworks in this state.
Question One
Section 791.02(1), F.S., makes it unlawful for any person, firm, copartnership, or corporation to offer for sale, expose for sale, sell at retail, or use or explode any fireworks except as provided therein.[1] The chapter imposes criminal penalties for violations of its terms.[2] In addition, the sheriff, or his appointee, or any other police officer is authorized to "seize, take, remove or cause to be removed at the expense of the owner, all stocks of fireworks or combustibles offered or exposed for sale, stored, or held" in violation of Ch. 741, F.S.[3] Section 791.04, F.S., however, contains certain exceptions to this general prohibition against the sale of fireworks. It provides in part that "[n]othing in this chapter shall be construed . . . to prohibit the sale of any kind of fireworks provided the same are to be shipped directly out of state by such manufacturer, distributor, or wholesaler . . . ." You state the above language of s. 791.04, F.S., is being used by fireworks sellers to justify the sale of fireworks to consumers. According to your letter, a common scheme employed is for the seller to sell nonsparkler fireworks to consumers with the consumer taking the product with him when he leaves the seller's place of business. The seller typically has the purchaser sign a form indicating that the purchaser will transport or ship the products out of state. Alternatively, the purchaser signs a form agreeing to act as the seller's shipping agent for purposes of transporting the product out of state.
In AGO 71-124, this office considered s. 791.04, F.S. 1969, which stated that nothing in Ch. 791 prohibited "the sale of any kind of fireworks provided the same are to shipped directly out of state[.]" This office concluded that this portion of the statute exempting the sale of fireworks provided the same were shipped directly out of state "contemplates delivery by a common carrier and could in no way be construed to authorize the sale of fireworks to a tourist at retail even though the party agrees to carry them out of state before using them."
The pertinent language of s. 791.04, F.S., is substantially the same except that the statute more clearly specifies that the exception applies only when the manufacturer, distributor, or wholesaler ships the fireworks directly out of state. I am not aware of, nor have you brought to my attention, any judicial decision which would alter the conclusion reached in AGO 71-124.
Accordingly, I concur in the conclusion reached by one of my predecessors in office that s. 791.04, F.S., does not authorize the sale of fireworks as defined in Ch. 791, F.S., to consumers even though the consumer agrees to transport the fireworks out of state before using them. The designation of the consumer as the agent of the manufacturer, distributor or wholesaler would appear to be a mere subterfuge which cannot stand in light of the clear expression by the Florida Legislature to prohibit the general sale of fireworks in this state.
Question Two
As discussed in Question One, s. 791.02(1), F.S., makes it unlawful to offer for sale, expose for sale, or sell at retail fireworks except as provided in Ch. 791, F.S. Section 791.04, F.S., however, provides in pertinent part:
Nothing in [Ch. 791, F.S.] shall be construed to prohibit any manufacturer, distributor, or wholesaler who has registered with the [Division of the State Fire Marshal of the Department of Insurance[4] pursuant to s. 791.015[5] to sell at wholesale such fireworks as are not herein prohibited; to prohibit the sale of any kind of fireworks at wholesale between manufacturers, distributors, and wholesalers who have registered with the division pursuant to s. 791.015; to prohibit the sale of any kind of fireworks provided the same are to be shipped directly out of state by such manufacturer, distributor, or wholesaler . . . . (e.s.) You ask whether the above reference to "such manufacturer, distributor, or wholesaler" refers to a manufacturer, distributor, or wholesaler licensed with the Division of the State Fire Marshal of the Department of Insurance. The term "such" has generally been construed as "being the same as [that] previously mentioned or specified"[6] or "having a quality already or just specified [and is] used to avoid repetition of a descriptive term."[7] The previous reference to manufacturers, distributors, and wholesalers in s. 791.04,
F.S., uses the descriptive words "who have registered with the division pursuant to s. 791.015." The Legislature is presumed to know the meaning of words and the rules of grammar; thus, legislative intent is first to be determined by the language used, considered in its ordinary grammatical sense.[8] Thus, the term "such manufacturer, distributor, or wholesaler" appears to refer to those manufacturers, distributors and wholesalers previously described in s. 791.04, F.S., that is, manufacturers, distributors, or wholesalers licensed with the Division of the State Fire Marshal of the Department of Insurance. An examination of the legislative history surrounding the amendment of s. 791.04, F.S., in 1987, supports such a conclusion.[9]
As you note, the terms "Distributor," "Manufacturer," and "Wholesaler" are respectively defined in s. 791.01(1),(5) and (9), F.S., as:
(1)"Distributor" means any person engaged in the business of selling sparklers to a wholesaler.
(5)"Manufacturer" means any person engaged in the manufacture or construction of sparklers in this state.
(9) "Wholesaler" means any person engaged in the business of selling sparklers to a retailer. In contrast, s. 791.01(6) and (7), F.S., define "Retailer" and "Seasonal retailer" as:
(6) "Retailer" means any person who, at a fixed place of business, is engaged in selling sparklers to consumers at retail.
(7) "Seasonal retailer" means any person engaged in business of selling sparklers at retail in this state from June 20 through July 5 and from December 10 through January 2 of each year.
The exception for fireworks shipped directly out of state is limited to manufacturers, distributors, and wholesalers as those terms are defined in s. 791.01, F.S., and does not encompass retailers. Accordingly, I am of the opinion the exception in s.791.04, F.S., for the sale of fireworks shipped directly out of state by the manufacturer, distributor, or wholesaler, applies only to manufacturers, distributors, or wholesalers as those terms are defined in Ch. 791, F.S., which have registered with the Division of the State Fire Marshal of the Department of Insurance.
Question Three
As discussed in Question One, s. 791.04, F.S., does not, in my opinion, authorize the sale of fireworks to consumers even though the consumer agrees to transport them out of the state. Chapter 791, F.S., and s. 791.04, F.S., specifically, provide certain instances where the sale of fireworks is not prohibited.
For example, s. 791.04, F.S., provides that nothing in Ch. 741, F.S., shall be construed to prohibit the sale of fireworks to be used by a person holding a permit from any board of county commissioners at the display covered by such permit. The statute further states that Ch. 791, F.S., does not prohibit the use of fireworks by railroads or other transportation agencies for signal purposes or illumination or when used in quarrying or for blasting or other industrial use, or the sale or use of blank cartridges for a show or theater, or for signal or ceremonial purposes in athletics or sports, or for use by military organizations, or organizations composed of the Armed Forces of the United States . . . .
In addition, s. 791.07, F.S., provides that nothing in Ch. 791, F.S., shall prohibit the importation, purchase, sale, or use of fireworks used or to be used solely and exclusively in frightening birds from agricultural works and fish hatcheries.[10] Therefore, while s. 791.04, F.S., does not permit the sale of fireworks to consumers generally, the statute does except the sale of fireworks for certain specified purposes from the general prohibition against the sale of fireworks in this state.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 791.01(4), F.S., defining "Fireworks."
[2] Section 791.06, F.S., which provides that any firm, copartnership or corporations violating Ch. 791, F.S., is guilty of a misdemeanor of the first degree, punishable as provided in s.775.083 or, in the case of individuals, the members of a partnership and the responsible officers and agents of an association or corporation, punishable as provided in s. 775.082 or s. 775.083, F.S.
[3] Section 791.05, F.S.
[4] See, s. 791.01(2), F.S., defining "Division" for purposes of Ch. 791, F.S., as the Division of the State Fire Marshal of the Department of Insurance.
[5] Section 791.015, F.S., requires any manufacturer, distributor, wholesaler, retailer or seasonal retailer who wishes to do business in this state or to otherwise sell, ship, or assign for sale its products in this state to annually register with the Division of the State Fire Marshal.
[6] 83 C.J.S. Such pp. 771-772 ("In its natural and ordinary sense, and by grammatical usage, the word `such' refers to an antecedent, some antecedent word or phrase, and, more specifically, to the last precedent antecedent, unless the meaning would thereby be impaired"). And see, Blacks Law Dictionary Such 1600 (4th rev. ed. 1968) ("Alike, similar, of the same kind; `such' represents the object as already particularized in terms which are not mentioned, and is a descriptive and relative word, referring to the last antecedent").
[7] Webster's Third New International Dictionary Such 2283 (unabridged ed. 1981).
[8] See, e.g., Florida State Racing Commission v. Bourquardez,42 So.2d 87 (Fla. 1949); and see, Sheffield v. Davis, 562 So.2d 384
(2 D.C.A. Fla., 1990) (Rule of statutory construction favors according statutes their plain and obvious meaning, and one must assume that legislature knew plain and ordinary meanings of words when it chose to include them in statute).
[9] See, Final Staff Analysis on CS/HB 548 (passed as CS/SB 413, Florida House of Representatives, Committee on Regulatory Reform, dated July 15, 1987, which states in discussing the effect of the bill: "[N]or is the sale of any kind of fireworks prohibited as long as they are shipped directly out of state by a manufacturer, distributor, or wholesaler who is registered."
[10] Such use is to be governed by the rules prescribed by the Department of Agriculture and Consumer Services.