670 So.2d 1094 (1996)
Kimberly KELLEY, Appellant,
v.
Everett S. RICE, Sheriff of Pinellas County, Florida, Appellee.
No. 95-01069.
District Court of Appeal of Florida, Second District.
March 22, 1996.
*1095 Jeff Chambers of Chambers, Salzman & Bannon, P.A., St. Petersburg, for Appellant.
Thomas M. Hoeler and Scott P. Distasio of Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, for Appellee Everett S. Rice.
CAMPBELL, Judge.
Appellant, Kimberly Kelley, a former inmate at the Pinellas County Jail, challenges the trial court order that dismissed with prejudice, on statute of limitation grounds, her complaint alleging medical negligence (Count I) and simple negligence (Count II) against her former custodian, Pinellas County Sheriff Everett S. Rice. For reasons we will explain, we affirm the dismissal of the medical negligence claim (Count I), which appellant concedes was proper, and reverse the dismissal of the simple negligence claim (Count II).
Appellant alleged that on June 14, 1990, she was taken into custody and detained by appellee, Sheriff Rice, after having received emergency room treatment at Bayfront Medical Center for a leg laceration. Appellant further alleged that during her detention the following week, appellee negligently failed in his custodial duties to take reasonable steps to see that appellant was furnished medical care. Appellant contends that appellee Rice's failure to see that she obtained the necessary medical care when she was unable because of her detention to secure such care for herself, resulted in a severe infection which developed into necrotizing fascitis. More than two years, but less than four years, after appellee's alleged negligence, appellant filed suit against appellee alleging medical negligence in Count I and simple negligence in Count II.
Appellee moved to dismiss appellant's complaint asserting that both counts of the complaint sought relief for medical negligence and were, therefore, barred by the two-year medical malpractice statute of limitations, section 95.11(4)(b), Florida Statutes (1989).
Appellant, on the other hand, asserts that Count II of her complaint stated a cause of action for simple negligence against appellee Sheriff Rice and as such is controlled by the four-year statute of limitations for a negligence action, section 768.28(12), Florida Statutes (1989). The different position of the parties as to which statute of limitations controls grows out of the fact that as Sheriff of Pinellas County, appellee Rice contracted with ARA Health Services, Inc., now known as Correctional Medical Systems, Inc. (ARA), *1096 to provide medical care to inmates of Pinellas County in the custody of the sheriff. Appellee, therefore, asserts that appellant's attempts to allege a cause of action against him for failure to properly provide medical care is an attempt to state a cause of action against him as a medical care provider, which is barred by the two-year statute of limitations. Appellant argues to the contrary that her Count II is an attempt to state a cause of action against appellee for negligence in regard to his custodial duties and not in regard to any vicarious liability appellee might have resulting from his contract with ARA to provide medical services to inmates. While Count II of appellant's complaint may not be a premier example of precise pleading, we do conclude that she has sufficiently asserted a cause of action for appellee's alleged simple negligence in carrying out his custodial duties to survive a motion to dismiss based on the medical malpractice two-year statute of limitations.
Appellant's essential allegations in Count II are as follows:
16) Plaintiff, KIMBERLY KELLEY, as set forth above and at all times material hereto, was in the custody of the Defendant, EVERETT S. RICE, SHERIFF OF PINELLAS COUNTY, FLORIDA.
17) Plaintiff's detention was such that she was unable to care for her own well-being relative to the need for medical care.
18) Plaintiff's ability to obtain medical care was at the sole discretion of Defendants, EVERETT S. RICE and ARA HEALTH SERVICES, INC.
19) Defendants, EVERETT S. RICE and ARA HEALTH SERVICES, INC., at all times material hereto were undertaking a joint venture pertaining to the providing of medical care to inmates at the Pinellas County Jail.
20) Defendant, ARA HEALTH SERVICES, INC., at all times material hereto, was the principal agent of EVERETT S. RICE, relative to providing medical care to inmates at the Pinellas County Jail.
21) Defendants, EVERETT S. RICE and ARA HEALTH SERVICES, INC., at all times material hereto, had a duty to use reasonable care in providing the necessary medical care to the Plaintiff when the Plaintiff was deprived, as a result of her detention at the Pinellas County Jail, of her normal opportunity to seek medical care.
22) The Defendants, EVERETT S. RICE and ARA HEALTH SERVICES, breached their duty by virtue of the following acts or omissions:
A. By negligently diagnosing, failing to diagnose or failing to adequately diagnose the condition from which the Plaintiff was suffering, specifically, infection and necrotizing fascitis.
B. By negligently treating, failing to treat or failing to adequately treat the condition from which the Plaintiff was suffering, specifically, infection and necrotizing fascitis; and,
C. By failing to furnish proper medical care and medicine to the Plaintiff to avoid the onset of Plaintiff's illness or condition, specifically, infection and necrotizing fascitis.
23) As a direct and proximate result of the foregoing negligence of the Defendants, Plaintiff was injured.
We conclude that paragraphs sixteen through eighteen, twenty-one and twenty-two C. allege facts that sufficiently bring into question appellee Rice's proper performance of his custodial obligations to appellant outside of any vicarious obligations arising from the medical care he contracted to be provided by ARA. In the performance of his custodial duties, appellee was not necessarily providing "diagnosis, treatment or care" as contemplated by the medical malpractice statute of limitations, section 95.11(4)(b). See Silva v. Southwest Florida Blood Bank, Inc., 601 So.2d 1184 (Fla.1992). We further conclude that under the reasoning of Silva, the essential allegations of appellant's Count II relating to appellee's alleged simple negligence do not bring appellee within the two-pronged test of the medical malpractice statute of limitations. Those allegations of Count II do not seek relief from appellee as a "health care provider," nor do they seek relief from injuries that arise out of appellee's medical, dental or surgical diagnosis, treatment *1097 or care. We find this court's decision in NME Properties, Inc. v. McCullough, 590 So.2d 439, 440 (Fla. 2d DCA 1991), controlling. There we said:
Although a nursing home is not itself a health care provider for purposes of section 766.102, it may be vicariously liable under that higher standard of care for the acts of some of its agents or employees. For example, East Manor probably employs nurses who are licensed under chapter 464. Under respondeat superior, East Manor may be liable under the higher professional standard of care when its agent, who is actively involved in the incident, is a health care provider rendering medical care or service. On the other hand, East Manor may be liable under an ordinary negligence standard of care when other nonprofessional employees commit alleged negligence, or when an incident does not involve medical care.

(Emphasis supplied.)
Appellant's allegations in Count II attempt to seek relief against appellee for the negligent performance of his custodial obligations to appellant. Appellant, therefore, seeks to hold appellee liable under an ordinary negligence standard of care for an alleged breach of duty by nonprofessional employees in an alleged incident that did not involve medical care.
Once the trial judge had dismissed appellant's complaint on the basis that all of appellant's allegations involved appellee's duty as a "health care provider," appellee determined that any further attempts to amend her complaint would have been futile. On remand, appellant, if she desires, should be given the opportunity to further amend her complaint in regard to appellee's alleged simple negligence.
Affirmed in part, reversed in part and remanded with instructions.
RYDER, A.C.J., and SCHOONOVER, J., concur.