DAVIS, Judge.
In the first of these consolidated eases, the State of Florida appeals the final order of the Hearing Officer, invalidating Rule 12B-8.001(5), Florida Administrative Code, as an invalid exercise of delegated legislative authority. In the second, Central Dade Malpractice Trust Fund appeals[1] the final order of the Department of Revenue, upholding an audit assessing additional insurance premium tax, a penalty and interest, and rejecting a separate recommended order by the same hearing officer. The Hearing Officer’s recommended order concluded that Central Dade Malpractice Trust Fund was entitled to a tax refund because the Department of Revenue had erroneously computed its tax obligation without applying certain credits permitted by section 624.509, Florida Statutes (Supp.1990). The sole issue in both cases is whether Central Dade is entitled to the credits enumerated in section 624.509 against its liability for insurance premium tax. We conclude that under a plain reading of the unambiguous language of this statute, read in conjunction with section 627.357(9), Florida Statutes (Supp.1990), the statute allows such credits; therefore, we affirm the final order of the Hearing Officer in case no. 95-2159, and reverse the final order of the Department of Revenue in case no. 95-3142.
*900 In computing its premium tax liability for 1989 and 1990, Central Dade applied against its lability a credit for a portion of the corporate income tax and intangible tax it had paid. The Department of Revenue conducted an audit, disallowed any credits, and issued an assessment against Central Dade Malpractice Trust Fund for additional insurance premium tax, a penalty and interest. Central Dade paid the assessment, and then filed two petitions with the Division of Administrative Hearings. In one petition, Central Dade protested the Department of Revenue’s assessment and sought a refund. In the other, Central Dade challenged the validity of Rule 12B-8.001(5), Florida Administrative Code, and in particular the first complete sentence thereof, which states: “Self-insurance funds are not eligible for the aforementioned credits described in Rule 12B-8.001(3), F.AC., with the exception of assessments made under s. 440.51, F.S.” Central Dade contended that subsection (5) was an invalid exercise of delegated legislative authority because it was contrary to subsections 624.509(4) through (9).[2]
Chapter 88-206, Laws of Florida, made medical malpractice self-insurance funds such as Central Dade, as well as other enumerated insurers,[3] subject to the premium tax. In promulgating Rule 12B-8.001(5), Florida Administrative Code, the Department of Revenue erroneously interpreted section 627.357(9) to disallow any credits to Central Dade otherwise permitted by section 624.509, because of the belief that the specific enumeration of subsections (1) and (2) in section 627.357(9) precluded the application of other subsections of the premium tax statute. We reject that construction based upon the plain language of the statutes. “While legislative intent controls construction of statutes in Florida, that intent is determined primarily from the language of the statute. The plain meaning of the statutory language is the first consideration.” St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982) (citations omitted).
Section 627.357(9), Florida Statutes (Supp. 1990), provides that: “Premiums, contributions, and assessments received by a fund are subject to s. 624.509(1) and (2) and s. 624.5092, except that the tax rate shall be 1.6 percent of the gross amount of such premiums, contributions or assessments; provided, however, for the period July 1,1989, through December 31, 1989, the tax rate shall be 0.8 percent and for calendar year 1990, the tax rate shall be 1.3 percent.” Subsections (1) and (2) of section 624.509 set the amount of the tax. It is obvious from a plain reading of section 627.357(9), that the Legislature specifically cross-referenced those particular subsections because those subsections alone are being modified by the lower rate contained in the dependent clause “except that the tax rate shall be 1.6 percent ...”
More importantly, the enumeration in section 627.357(9) of subsections (1) and (2) of section 624.509 does not preclude the applicability of the credits governed by subsections (4) through (8) because subsection (1) of section 624.509 itself expressly incorporates the disputed credits into the final computation of *901 the premium tax. Subsection (1) provides that the amount of the tax is “to be determined as set forth in this section ...” The words “this section” plainly refer to section 624.509 in its entirety, including the subsections which permit the credits which the Department disallowed in this case.
There can be no doubt that the Legislature, by using the term “this section,” meant the whole of section 624.509. The Preface contained in the Florida Statutes, which explains the usage of the terms chapter, section and subsection, states that chapters are arranged by subject matter, and identified by a whole number; sections within a chapter are identified by a “whole decimal number consisting of the chapter number followed by digits appearing to the right of the decimal point;” and subsections are identified “by whole Arabic numbers enclosed by parentheses.” Reference to “this section” within subsection 624.509(1) mandates the Department of Revenue to permit medical malpractice self-insurance funds the credits for corporate and intangible taxes in subsection 624.509(4), when calculating the premium taxes due and owing under section 624.509.
Our conclusion is supported by the fact that legislative intent may be discerned from the Legislature’s election to use different words to convey different meanings within a statute. Dep’t of Professional Regulation, Bd. of Medical Examiners v. Durrani, 455 So.2d 515, 518 (Fla. 1st DCA 1984). Throughout section 624.509 the Legislature referred to the entire premium tax statute, including credits, by using the word “section,” and made specific reference to particular subsections within section 624.509 by using the word “subsection.” See, e.g., subsection 624.509(4), Florida Statutes (Supp.1990) (“As to any insurer issuing policies insuring against loss or damage from the risks of fire, tornado, and certain casualty lines, the tax imposed by this section, as intended and contemplated by this subsection, shall be construed to mean the net amount of such tax remaining after there has been credited thereon such gross premium receipts tax as may be payable by such insurer in pursuance of the imposition of such tax by any incorporated cities or towns ...”) [Emphasis added]; subsection 624.509(5) (“There shall be allowed a credit against the net tax imposed by this section equal to 15 percent of the amount paid by the insurer in salaries to employees located or based within this state and who are covered by the provisions of chapter 443. For purposes of this subsection: ... (c) The term “net tax” means the tax imposed by this section after applying the calculations and credits set forth in subsection (4-).”) [Emphasis added]; subsection 624.509(6) (“The total of the credit granted for the taxes paid by the insurer under chapters 220 and 221 and the credit granted by subsection (5) shall not exceed 65 percent of the tax due under subsection (1) after deducting therefrom the taxes paid by the insurer ... ”) [Emphasis added]; subsection 624.509(7) (“Credits and deductions against the tax imposed by this section shall be taken in the following order: ... ”) [Emphasis added].
Reading subsection 624.509(1) with reference to the entirety of section 624.509, in conjunction with section 627.357, based upon the plain meaning of the words contained within those sections, we conclude that the Legislature intended medical malpractice self-insurers to pay the tax imposed in section 624.509, using the lower rate specified in section 627.357, and then applying the credits as provided in subsections (4) through (8) of section 624.509.
Accordingly, we AFFIRM the Hearing Officer’s final order in case no. 95-2159 invalidating Fla.Admin.Code Rule 12B-8.001(5), as an invalid exercise of delegated legislative authority, because the rule improperly denied the applicability of the credits granted by the Legislature. We REVERSE the final order of the Department of Revenue in case no. 95-3142 which upheld the assessment of additional tax, a penalty and interest, and denied Central Dade Malpractice Trust Fund’s application for a tax refund, because the additional tax was erroneously imposed by denying the credits to which Central Dade Malpractice Trust Fund was entitled.
ZEHMER, C.J., and BARFIELD, J., concur.

. These appeals were consolidated and case no. 95-3142 became a cross-appeal.

. Subsections 624.509(4) through (8) govern credits against the insurance premium tax; subsection (9) provides that, "as used in this section 'insurer' includes any entity subject to the tax imposed by this section.”

. The Legislature did not use uniform language throughout the act, however. With respect to reciprocal insurers, for example, section 7 of chapter 88-206, Laws of Florida, provided for the creation of section 629.5011, Florida Statutes, stating that "|jp]remiums and assessments received by reciprocal insurers are subject to any premium tax provided for in s. 624.509.” See also §§ 12, 13, chapter 88-206, Laws of Florida, (premiums, contributions, and assessments received by dental service plans, and entrance fees received by a provider in payment for a continuing care contract, are “subject to the tax imposed by s. 624.509”). In contrast, § 6, chapter 88-206, Laws of Florida, amended section 627.357, Florida Statutes, by adding subsection (9), providing: "[p]remiums, contributions, and assessments received by a fund are subject to s. 624.509(1), (2), and (3), except that the tax rate shall be 1.6 percent of the gross amount of such premiums, contributions and assessments.” See also §§ 3, 4, 5, 17, Chapter 88-206, Laws of Florida (using similar language to impose lower premium tax rate on premiums, contributions and assessments received by an arrangement under section 624.4425, as well as those received by commercial self-insurance funds regulated by section 624.475, and those received by professional liability self-insurance funds under section 627.356, and the premiums, contributions and assessments received by worker's compensation group self-insurer's funds under section 440.57).