697 So.2d 1297 (1997)
OKALOOSA COUNTY, Florida, a political subdivision of the State of Florida, and Nick Nicholson, in his official capacity as Chairman of the Okaloosa County Board of County Commissioners, Petitioners,
v.
Francis C. CUSTER, Respondent.
No. 96-4207.
District Court of Appeal of Florida, First District.
August 19, 1997.
Bruce C. Fehr and Larry A. Matthews of Bozeman, Jenkins & Matthews, P.A., Pensacola, for Appellants.
David A. Simpson of Simpson & Simpson, Fort Walton Beach, for Appellee.
PER CURIAM.
Okaloosa County petitions for a writ of certiorari seeking review of the denial of its motion to dismiss respondent's complaint for failure to comply with medical malpractice presuit requirements. Although ordinarily certiorari review is not appropriate to review denial of a motion to dismiss, it is appropriate when chapter 766 presuit requirements are at issue, see Sova Drugs, Inc. v. Barnes, 661 So.2d 393 (Fla. 5th DCA 1995); Shands Teaching Hospital and Clinics, Inc. v. Barber, 638 So.2d 570 (Fla. 1st DCA 1994)(n. 1).
According to his complaint, respondent was incarcerated in the Okaloosa county jail beginning on May 17, 1994, and from that date forward, jail employees were aware he was suffering from a serious infection in his right forearm, but for three days he received *1298 nothing but basic wound care, despite his pleas to see a doctor, his elevated temperature, the red swollen appearance of his arm, which was draining pus on the date of incarceration, and his ill appearance. Respondent alleged both that nurse employees of the facility knew or reasonably should have known of the risk of spreading infection, and that, since he was housed with regular inmates, correctional employees knew or reasonably should have known that he was gravely ill. He specifically alleged that no particular medical expertise was necessary to alert the employees to his condition. Respondent further alleged that when he finally saw a doctor, on May 20, 1994, he was in acute distress, shaking with chills, suffering from high fever, and with a red and swollen arm with purulent drainage. He further alleged that he was admitted to the hospital that same day with a staphylococcus infection which resulted in thrombophlebitis of the arm and staph pneumonia, and that surgery was required, as was a course of antibiotic therapy and physical therapy, with permanent scarring as a result.
Respondent filed an amended section 766.106 notice of intent on May 2, 1996, effectively extending the limitations period by 90 days to August 18, 1996.[1] (It is undisputed in this case that the two year limitations period began to run on May 20, 1994.) Respondent did not provide a written corroborating medical expert opinion within this time frame[2], although he did provide one on September 9, 1996, which was within 60 days of the expiration of the 90 day extension period. The county moved to dismiss, contending, among other things, that respondent failed to timely provide a corroborating medical expert opinion, that the statute of limitations had run, and that respondent could no longer cure his failure to comply with chapter 766.
The trial court concluded that the complaint stated a claim for ordinary negligence by jail employees and had been filed within the three year limitations period for such a claim, citing Kelley v. Rice, 670 So.2d 1094 (Fla. 2d DCA 1996), and other authorities. The trial court further found that, to the extent a claim was stated for medical malpractice, respondent had fulfilled all conditions precedent for filing a medical malpractice suit within the applicable limitations period, that the May 2, 1996, notice of intent in effect extended the limitations period until October 1, 1996, or a period of 150 days, because the 60 day extension provided in section 766.106(4) "is an unrestricted period during which the plaintiff has all rights that would have existed prior to the filing of the notice of intent" citing Kukral v. Mekras, 679 So.2d 278 (Fla.1996). The trial court also found that petitioner had waived the requirement of a corroborating opinion by conducting its own investigation.
First, we agree with the trial court that the complaint included a statement of a cause of action for ordinary negligence against jail employees, and it was filed within the applicable statute of limitations for such a claim. However, to the extent the complaint also stated a cause of action for medical malpractice, we do not agree with the trial court's assessment of the effect of the 60 day period provided for in the statute during which, after the investigation period has been concluded, a complaint may be filed.
Section 766.106(4) provides:
The notice of intent to initiate litigation shall be served within the time limits set forth in s.95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon *1299 stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit. (e.s.)
In the present case, no corroborating opinion was provided within the 90 day extension during which the statute of limitations is tolled. The cases indicate that the failure to provide the corroborating opinion with the notice of intent is fatal if the limitations period has run. See, e.g., Shands Teaching Hospital v. Miller, 642 So.2d 48 (Fla. 1st DCA 1994). In Miller, the statute of limitations began to run on January 17, 1991. The notice of intent was mailed to defendants on January 13, 1993, and subsequently, the complaint was filed on April 13, 1993. This court granted certiorari, ordering dismissal with prejudice of the complaint because no corroborating medical opinion was provided when the notice of intent was mailed or before the running of the statute of limitations. See also Archer v. Maddux, 645 So.2d 544 (Fla. 1st DCA 1994).
We agree with petitioner that the 60 day period does not toll the limitations period further for purposes of complying with presuit requirements. We are aware that the requirements of section 766 should be construed if possible to favor access to the courts. Kukral v. Mekras, 679 So.2d 278 (Fla.1996). Nevertheless, the language used in section 766.106 indicates that for purposes of complying with presuit requirements, the limitations period is intended to be tolled only the additional 90 days. "`While legislative intent controls construction of statutes in Florida, that intent is determined primarily from the language of the statute. The plain meaning of the statutory language is the first consideration.'" State, Department of Revenue v. Central Dade Malpractice Trust Fund, 673 So.2d 899, 900 (Fla. 1st DCA 1996), citing St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla. 1982). While the limitations period is expressly tolled for 90 days, the additional 60 days is not designated as further tolling the limitations period, but as providing for additional time to file the complaint after the 90-day investigation period has expired. Such an additional period is needed as a practical matter. See generally Rhoades v. Southwest Florida Regional Medical Center, 554 So.2d 1188 (Fla. 2d DCA 1989). In addition, we agree with petitioner that its own investigation of the claim did not constitute a waiver of the requirement of a corroborating expert medical opinion. See Archer v. Maddux, 645 So.2d at 546 ("[w]e do not believe the defendants' own investigation, presumably conducted in a good faith effort to comply with section 766.106(3), Florida Statutes (1993), can fairly be construed as a waiver of their right to a corroborating medical opinion").
Respondent cites Novitsky v. Hards, 589 So.2d 404 (Fla. 5th DCA 1991), and Sheffield v. Davis, 562 So.2d 384 (Fla. 2d DCA 1990), in support of the argument that the additional 60 days within which to file a complaint also tolls the statute of limitations, however, those cases involved questions as to the timely filing of complaints, and did not directly address the specific question raised here. In Sheffield the court held that, "whether the action is filed at the beginning or at the end of the two-year limitations period .... the limitations statute for medical malpractice claims will be extended beyond its two years by the applicable pre-suit investigation period." 562 So.2d at 387. In Novitsky the court held that a lawsuit was timely filed given the various extensions that applied; the determining factor was whether an appropriate notice of intent had been supplied.
We conclude that, to the extent the complaint is for medical malpractice, for purposes of complying with presuit requirements, the limitations period expired with the conclusion of the 90 day extension. The petition for certiorari is granted as to the portion of the complaint that states a cause of action for medical malpractice. As to the portion of the complaint that states a cause of action for ordinary negligence, the petition is denied.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] Plaintiff /respondent filed his complaint on May 17, 1996, only a few weeks after the notice of intent was given, and in violation of section 766.106(3)(a). Defendant/petitioner filed its motion to dismiss on July 9, 1996. On September 13, 1996, respondent served a Motion for Leave to Amend Complaint and response to the motion to dismiss.
[2] Section 766.203(2)(b), Fla. Stat., contains the requirement of a corroborating medical opinion, and provides, in pertinent part:

Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert ... at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.