721 So.2d 404 (1998)
CENTRAL FLORIDA REGIONAL HOSPITAL, etc., Petitioner,
v.
Tammy HILL, Respondent.
No. 98-2015.
District Court of Appeal of Florida, Fifth District.
November 20, 1998.
*405 Amy D. Shield of Haliczer, Pettis & White, P.A., Ft. Lauderdale, for petitioner.
Mark V. Morsch of Mark V. Morsch and Associates, P.A., Orlando, for respondent.
PER CURIAM.
Central Florida Regional Hospital (CFRH), seeks certiorari review of an order denying its motion for summary judgment in a medical malpractice action. We grant the petition and quash the order denying the motion.
The respondent, Tammy Hill, alleged in her complaint that, as she was giving birth at CFRH, she suffered a periurethral tear and a tear of the labia majora. She contends that the latter was caused through negligence by a ring worn by a nurse during the delivery.
During the pre-suit discovery period required by Chapter 766, Florida Statutes (1995), Hill requested a copy of her medical records from CFRH. Nearly a year later, she requested another copy of the records, contending that nursing notes from 2200 hours on March 3, 1995, through March 4, 1995 at 1030 hours were missing in the prior copy provided. CFRH again provided copies of the requested records. Six months later, Hill asked for the same records which were again promptly supplied.
Subsequently, Hill sent a Notice of Intent to Initiate Litigation for Medical Malpractice to CFRH. The notice stated that CFRH failed to produce Hill's medical records within ten business days of her request in compliance with section 766.204, Florida Statutes (1995). The notice further stated that CFRH's failure to produce all of the requested records within ten days of her request "constitutes evidence of the hospital's failure to comply with the good faith discovery requirements of the statute and constitutes wavier of the requirement for written medical corroboration."
Hill then filed the instant suit without complying with the presuit investigation requirements of Chapter 766 based upon her allegation of CFRH's failure to comply in good faith with her requested discovery. CFRH sought summary judgment pursuant to section 766.206, Florida Statutes (1995), based upon Hill's failure to comply with the presuit requirements. Hill argued at the hearing on CFRH's motion that no medical records regarding the labial tear were supplied to her despite the fact that she had witnesses that saw the injury caused by the nurse's ring during delivery. Therefore, she continues, the absence of records regarding the incident constitutes a waiver of the requirement that a corroborating medical opinion be secured. CFRH contends that only the periurethral tear occurred while Hill was in the hospital, that Hill did not seek treatment for the labial tear until two months after discharge from CFRH, and that the injury could have happened any time after the discharge. The trial court denied CFRH's motion based upon the premise that a hospital has a legal duty to create and maintain a record of the cause of injuries and that a presumption exists that a hospital has such records.
Certiorari is appropriate to review an order denying a motion to dismiss which claims the pre-suit requirements of Chapter 766 have not been met. See Okaloosa County v. Custer, 697 So.2d 1297 (Fla. 1st DCA 1997); Sova Drugs, Inc. v. Barnes, 661 So.2d 393 (Fla. 5th DCA 1995). The justification for this exception to the general rule that orders denying motions to dismiss are not reviewable by certiorari is that interlocutory review is necessary to promote the statutory purpose of the Medical Malpractice Reform Act to encourage settlement. To require that the malpractice action be fully litigated without resort to presuit procedures before review would frustrate that purpose and the resulting harm could not be remedied on appeal. Sova Drugs at 394.
Subsection 766.203(2)(b), Florida Statutes (1995), requires that corroboration of reasonable grounds to initiate medical negligence *406 litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert at the time the notice of intent to initiate litigation is mailed. The corroborating expert opinion requirement is designed to prevent the filing of baseless litigation. Fort Walton Beach Medical Center, Inc. v. Dingler, 697 So.2d 575 (Fla. 1st DCA 1997) (purpose of expert corroboration is to prevent filing of baseless litigation); Archer v. Maddux, 645 So.2d 544 (Fla. 1st DCA 1994); Ragoonanan v. Associates in Obstetrics & Gynecology, 619 So.2d 482 (Fla. 2d DCA 1993). The failure to provide corroboration is fatal if the limitation period has run. See Okaloosa County v. Custer, 697 So.2d 1297 (Fla. 1st DCA 1997); Archer v. Maddux, 645 So.2d 544 (Fla. 1st DCA 1994).
There is no dispute that a corroborating expert opinion was not supplied in the present case. However, relying on subsection 766.204(2), Florida Statutes (1995), Hill argues that the records provided by petitioner were not complete because they did not contain evidence of the labial tear. Notwithstanding CFRH's contentions that the labial tear occurred after her discharge from the hospital, Hill asserts that such tear occurred before her release from the hospital, and as a result of the failure of CFRH to provide medical records reflecting the tear, Hill should be excused from having to provide a corroborating expert opinion.
To allow a plaintiff in a medical malpractice suit to avoid the necessity of a corroborating expert opinion in any case where the medical records fail to reflect an alleged injury would frustrate the purpose of the Medical Malpractice Reform Act. By denying CFRH's motion in the instant case, the trial court is requiring the hospital records to contain evidence that would explain an injury which CFRH claims did not exist at the time of Hill's release. Such a requirement is unreasonable. Furthermore, the absence of evidence of an injury reflected in medical records would not necessarily preclude a plaintiff from obtaining a corroborating expert opinion. See generally, Watson v. Beckman, 695 So.2d 436 (Fla. 3d DCA 1997); Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA), rev. denied, 604 So.2d 487 (Fla. 1992).
We conclude that the trial court departed from the essential requirements of law in refusing to dismiss Hill's complaint. We grant the petition, quash the order of denial and remand for entry of an order granting CFRH's motion.
PETITION GRANTED; ORDER QUASHED; REMANDED.
DAUKSCH, HARRIS and PETERSON, JJ., concur.