POLEN, J.
Petitioners seek a writ of certiorari to quash an order denying their motion to dismiss respondent as a plaintiff in a medical malpractice action. They sought dismissal because respondent did not serve a notice of intent to sue pursuant to section 766.106(2), Florida Statutes (1999). The trial court determined that respondent, whose loss of consortium claim was derivative of her husband’s medical malpractice claim, was not required to send a notice of intent. Based on Pavolini v. Bird, 769 So.2d 410, 413 (Fla. 5th DCA 2000), we deny the petition.
Petitioner received a notice of intent to initiate litigation for medical malpractice from respondent’s husband, Antonio Peral-ta, in December of 1999. Neither the notice nor the verified opinion of Richard Turner, M.D., sent with the notice of intent as required by section 766.203(2), mentioned respondent, Mrs. Peralta, as a prospective claimant. Suit was filed against petitioner in February of 2000, alleging that petitioner’s medical malpractice caused injury to Mr. Peralta. Mrs. Peral-ta was named as a plaintiff and sought consortium damages. Petitioner moved to dismiss Mrs. Peralta’s consortium claim, arguing that she had failed to comply with the presuit notice requirement of section 766.106(2). The trial court denied the motion to dismiss, prompting this petition for certiorari.[1]
*537 Recently, in Pavolini v. Bird, 769 So.2d 410, 413 (Fla. 5th DCA 2000), the court held that a spouse and child of an injured claimant were not required to comply with the presuit notice provisions of section 766.106(2). The court based its decision on an interpretation that the fabric of the entire statutory scheme of presuit investigation was designed to weed out frivolous claims. That statutory framework is included in chapter 766. Particularly, the court noted that:
The requirements of pre-suit investigation apply to “all medical negligence” claims and defenses. § 766.203(1), Fla. Stat. (1999). Thus we must first determine whether a person with a derivative claim for loss of consortium is a claimant under the Act who presents a claim for medical negligence. The pre-suit investigation statute provides that “[p]rior to issuing notification of intent to initiate medical malpractice litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that: (a) [a]ny named defendant in the litigation was negligent in the care and treatment of the claimant; and (b), [s]uch negligence resulted in injury to the claimant.” § 766.203(2)(a),(b), Fla. Stat. (1999) (emphasis supplied). A claimant under the Act is defined as “any person who has a cause of action arising from medical negligence.” § 766.202(1), Fla. Stat. (1999). The Act further provides in section 766.104(1), Florida Statutes, that:
No action shall be filed for personal injury or wrongful death arising out of medical negligence, whether in tort or contract, unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of counsel that such reasonable investigation gave rise to a good faith belief that grounds exist for an action against each named defendant.
(Emphasis supplied).
When these statutory provisions are considered with the other provisions of the Act relating to pre-suit notice and investigation, it becomes apparent that to be a claimant under the Act, the person presenting the claim must have received negligent medical care and treatment from a medical care provider that resulted in the person’s injury or death. See § 766.203(2), Fla. Stat. (1999) (providing that a claimant under the Act has a cause of action for medical malpractice if that cause of action is based on “negligent ... care or treatment of the claimant” that “resulted in injury to the claimant”). If the person making the claim did not receive negligent medical care or treatment, the person does not qualify as a claimant under the Act by definition and hence cannot be required to comply with the pre-suit notice and investigation requirements of the Act. Accordingly, because a spouse or minor child who seeks damages for loss of consortium was not the recipient of negligent medical care and treatment from a medical care provider, the spouse or minor child is not required to comply with the pre-suit notice and investigation requirements.
*538 Id. at 412-13 (underlined emphasis added)(footnote omitted).
We find this reasoning persuasive, and not in conflict with St. Mary's Hospital, Inc. v. Phillipe, 769 So.2d 961 (Fla.2000). In St. Mary’s, the court held that each claimant could receive up to the $250,000 statutory cap on non-economie damages per incident in a voluntary arbitration under section 766.207, Florida Statutes. Explaining its result, the court discussed who was a claimant under the medical malpractice act:
For the purpose of this statute, “claimant” is clearly defined as “any person who has a cause of action arising from medical negligence.” § 766.202(1), Fla. Stat. (1999). See also Bombalier v. Lifemark Hosp. of Florida, 661 So.2d 849 (Fla. 3d DCA 1995)(finding that for purposes of a wrongful death action the term “claimant” embraces more than the patient who directly experienced the departure from the standard of care by the health care provider), review denied, 666 So.2d 901 (Fla.1996).
Id. at 968. In Bombalier, the court recognized that a spouse having a consortium claim was a “claimant” within the meaning of the Act and could join in a notice of intent with others but had his or her own individual claim. 661 So.2d at 852. By citation of Bombalier in St. Mary’s, the supreme court acknowledged that a “claimant” included more than the patient who was directly injured by the act of malpractice.
St. Mary’s is inapposite, however, because the purpose of the cap requirements in section 766.207 differs from the pre-suit notice requirements of section 766.203(2). The purpose of the notice requirement is to put a potential defendant^] on notice of an alleged act or acts of medical negligence, and that an expert medical opinion exists to support such claim. Accordingly, the requirement was met in this case because the defendant received the husband’s notice of intent and, as such, could explore all aspects of the negligence claim. We, thus, follow the fifth district’s holding in Pavolini v. Bird, 769 So.2d 410 (Fla. 5th DCA 2000), and deny certiorari.
DENIED.
TAYLOR, J., concurs.
WARNER, C.J., dissents with opinion.

. While ordinarily an order denying a motion to dismiss is not addressed by way of petition for certiorari, courts have permitted such relief in cases involving a failure to meet the pre-suit requirements of chapter 766. See Okaloosa County v. Custer, 697 So.2d 1297, *537 1297 (Fla. 1st DCA 1997); Sova Drugs, Inc. v. Barnes, 661 So.2d 393, 394 (Fla. 5th DCA 1995).