TAYLOR, J.
 

 Edgar Darling, an inmate at the Palm Beach County Stockade, sued the Palm Beach County Sheriff (Sheriff) and Prison Health Care Services (PHS) for medical malpractice and negligence as a result of delayed treatment of his broken wrist. Although the trial court correctly determined that Darling failed to satisfy pre-suit requirements for a medical malpractice action against the Sheriff and PHS, we reverse the final summary judgment entered in favor of the Sheriff on Darling’s claim, which, in addition to medical negligence, alleged ordinary negligence in the performance of the Sheriffs custodial duties.
 

 Despite x-rays showing that Darling’s right wrist was fractured after he fell while playing basketball at a Palm Beach County jail facility, Darling was initially treated with only pain medication for three weeks. He was later taken to a hospital for surgery after persistent complaints of excruciating pain. At the time, the Sheriff had a contract with PHS for the provision of all medical services to inmates. The trial court concluded, based on Darling’s deposition testimony, that his claim against
 
 *369
 
 the Sheriff was solely for medical malpractice, and that it was barred for his failure to comply with the pre-suit requirements for such claims. We determine, however, that Darling’s deposition, when considered as a whole and along with his pleadings, showed that his claim against the Sheriff included a claim of ordinary negligence and raised disputed issues of material fact regarding the Sheriffs liability for negligent custodial care.
 

 This case is similar to
 
 Okaloosa County v. Custer,
 
 697 So.2d 1297, 1297-98 (Fla. 1st DCA 1997). There, a jail inmate sued the county jail, alleging ordinary negligence and medical negligence for failure to provide medical attention for his arm infection. According to the inmate’s complaint, the jail nurses were aware that he was suffering from a serious infection in his right forearm, based on his elevated temperature, red swollen arm, pus drainage, and his ill appearance. But, despite the inmate’s pleas to see a doctor, they administered only basic wound care for three days before finally taking him to a hospital. By this time, his condition had worsened and he required surgery. The surgery resulted in permanent scarring. When the inmate filed suit, the two-year statute of limitations for medical negligence had run. The county moved to dismiss the inmate’s complaint because he failed to timely provide a corroborating medical expert opinion in compliance with pre-suit requirements for medical malpractice actions and the statute of limitations had run. The First District Court of Appeal upheld the trial court’s refusal to dismiss the complaint, agreeing with its ruling that the inmate’s complaint stated a cause of action against the jail employees for ordinary negligence and was filed within the applicable limitations period for such a claim.
 

 In determining that the complaint stated a claim for ordinary negligence by jail employees, the trial court in
 
 Custer
 
 relied on
 
 Kelley v. Rice,
 
 670 So.2d 1094, 1096 (Fla. 2d DCA 1996).
 
 Kelley
 
 drew a distinction between claims based on negligent “diagnosis, treatment or care,” as contemplated by the medical malpractice statute, and allegations concerning the proper performance of the sheriffs custodial obligations to an inmate. Our review of Darling’s deposition and pleadings leads us to conclude that Darling has stated a claim for ordinary negligence by the Sheriff and that genuine issues of material fact remain as to whether the Sheriff breached its custodial duties and obligations to the inmate.
 

 We also note that, notwithstanding the Sheriffs purported delegation of its medical care obligations to third-party provider PHS, Darling’s deposition testimony suggests that this provider was negligently selected and supervised. This assertion may also create genuine issues of fact that cannot be decided on summary judgment. Darling also alleged in his complaint that the Sheriffs failure to adequately treat his fractured wrist showed a “wanton deliberate indifference for human needs.” On appeal, for the first time, he has argued that 42 U.S.C. § 1988 provides relief in prison medical care cases under similar circumstances. Although Darling may be able to amend his complaint on remand to add such a claim, we do not read his current complaint as adequately alleging such a theory. Thus, we have not considered whether there might also have been genuine issues of fact to be decided under that theory.
 

 Reversed and Remanded.
 

 HAZOURI and MAY, JJ., concur.