THREADGILL, Judge.
Appellant, plaintiff below, challenges the dismissal with prejudice of his medical malpractice complaint. The complaint was dismissed because the letter he sent to the appellee/doctor failed to comply with the notice requirements of section 768.57(2), Florida Statutes (1987). We find that the letter satisfied the notice requirements and reverse.
Appellant sent a letter by certified mail to the appellee on November 13, 1987 regarding surgery that was performed on December 9, 1985. The pertinent part of the letter provides:
It is with heavy heart that I write this letter, but my family have been after me for the last year to contact you on this matter. John, I sincerely and honestly believe that a tragic mistake was made in my case. I believe it was an honest mistake on your part, but a mistake was made and I am the person who is paying for it.
When I came to see you in September of 1985 you told me that a minor operation would solve my knee problem as the accident had moved over my kneecap. When I asked you about a guarantee you told me you couldn’t guarantee my knee would be a 100%, but that it would be at least 50% better. Well, John, we know what happened, and enclosed is the copy of your letter that I went along with. I must emphasize that in no uncertain term’s and at “no” time was I told about any major surgery or the risks involved, such as, bones being taken from my hip and pins being put in my leg. John, as I said, I believe a mistake was made and I think you should get in touch with your insurance company. Let’s try and work this problem out without getting involved with courts, etc. I am doing it in this manner because of my high regard and admiration for you.
I would appreciate an immediate response as the time factor, I have been informed, is critical. Hoping to hear from you soon.
Appellee forwarded this letter to his insurance company and acknowledged this in a letter to the appellant. Subsequently, the appellant was contacted by Mr. Tillin-ghast, a representative of the appellee’s insurance carrier, who told the appellant that he was investigating his claim. Mr. Tillinghast obtained an authorization form from the appellant allowing him to obtain information from other treating physicians. He also requested a ninety-day extension for further investigation which was obtained by the appellant from the circuit court, pursuant to section 768.495, Florida Statutes (1987). After further delay, Mr. Tillinghast informed the appellant that there was nothing he could do for him. Appellant then filed his pro se complaint on *560 March 3, 1988. The trial court dismissed the complaint with prejudice because the letter did not explicitly state that the appellant “presently intends to file suit.”
We construe the letter of November 13, 1987 as notice of the appellant’s intent to sue appellee for medical malpractice. Section 768.57(2) requires a claimant to send a prospective doctor/defendant a ninety-day prior written notice, by certified mail, of his intent to initiate litigation. The notice is a condition precedent and a complaint cannot be filed until ninety days after the notice is sent. § 768.57(3)(a), Fla.Stat. (1987). As we stated in Pearlstein v. Malunney, 500 So.2d 585 (Fla.2d DCA 1986), rev. den., 511 So.2d 299 (Fla.1987), the statute does not require any particular form for the notice or any “magic words.” Any manner of written notice which describes the occurrence underlying the claim should suffice. Id. at 587.
Here, the appellant’s letter identified the surgery and the alleged resulting problems with specificity. It also apprised the appel-lee of the appellant’s intent to litigate if the matter could not be resolved. Specifically, the letter advised the appellee that the appellant was going to take this matter to the courts unless something could be worked out with the appellee’s insurance company. Moreover, the appellee treated the letter as a notice of intent. His forwarding of the letter to his insurance company and the claims adjuster’s investigation triggered the process contemplated by the statute. Because the purpose of the statutory notice provision was fulfilled, we conclude that the trial court erred in dismissing the appellant’s complaint with prejudice.
We reverse and remand with directions to reinstate the complaint.
CAMPBELL, C.J., and PARKER, J., concur.