JORGENSON, Judge.
This is a petition for a writ of certiorari seeking review of a trial court order compelling Dr. Alfred Damus to produce a verified written medical report received by Dr. Damus during presuit investigation of a medical malpractice claim. We grant the petition, quash the order under review, and remand for an evidentiary hearing on the issue of Dr. Damus’s good faith rejection of the malpractice claim against him.
The presuit investigation statute for medical negligence claims, section 766.203, Florida Statutes (Supp.1988), which is calculated to resolve disputes between physicians and patients in a more efficient manner provides in pertinent part:
(3) Prior to issuing its response to claimant’s notice of intent to initiate litigation, during the time period for response authorized pursuant to s. 766.106, the defendant or the defendant’s insurer or self-insurer shall conduct an investigation to ascertain whether there are reasonable grounds to believe that:
(a) The defendant was negligent in the care or treatment of the claimant; and
(b) Such negligence resulted in injury to the claimant.
Corroboration of lack of reasonable grounds for medical negligence litigation shall be provided with any response rejecting the claim by the defendant’s submission of a verified written medical expert opinion from a medical expert ... at the time the response rejecting the claim is mailed, which statement shall corroborate reasonable grounds for lack of negligent injury sufficient to support the response denying negligent injury.
Dr. Damus, the petitioner, contends that section 766.203(3) does not apply where, as here, no written response rejecting the claim was sent. Specifically, petitioner argues that, because section 766.203(3) merely provides that “any response rejecting a claim must be accompanied by submission of a verified written medical opinion,” no such medical opinion is required where no response is filed.[1] The Parvezes contend that, although Dr. Damus did not send a response denying liability, he did deny liability in his answer to the complaint and *1138 that, therefore, section 766.203(3) applies. Moreover, the respondents allege that to allow Dr. Damus to refuse production of the report at issue would thwart one of the legislative purposes of the Medical Malpractice Reform Act which is to eliminate both frivolous lawsuits against doctors as well as frivolous defenses asserted against the claimants. Specifically, respondents point to section 766.206(3), Florida Statutes (Supp.1988), which provides:
If the court finds that the response mailed by a defendant rejecting the claim is not in compliance with the reasonable investigation requirements, the court shall strike the defendant's response, and the person who mailed such response, ... shall be personally liable for all attorney’s fees and costs incurred during the investigation and evaluation of the claim, including the reasonable attorney’s fees and costs of the claimant.
The Parvezes assert that if the trial court’s order compelling production is not upheld there will be no opportunity to determine whether Dr. Damus’s general denial of liability was in good faith, and section 766.206(3) essentially becomes meaningless. We do not agree. In order to comply with the good faith requirements of section 766.-206(3), the report at issue need not be produced prior to an evidentiary hearing. Instead, we conclude that the trial court should determine the good faith denial of liability at an evidentiary hearing. Depending on the evidence adduced, the trial court may strike the defendant’s pleadings and assess attorney’s fees and costs pursuant to section 766.206(3). We have not overlooked, and the defendant has conceded, that he runs the risk of being sanctioned as well as compelled to produce the verified written medical report following the evidentiary hearing. Nevertheless, we conclude that the foregoing procedure is necessary to afford procedural due process to the parties in this case.
• The petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded for further proceedings consistent with this opinion.
Certiorari granted; order quashed.

. Dr. Damus relies on section 766.106(3)(c), Florida Statutes (Supp.1988), for the proposition that no response rejecting the claim of medical negligence is required. That section provides inter alia: "Failure of the prospective defendant or insurer or self-insurer to reply to the notice [of intent to initiate litigation] within 90 days ... shall be deemed a final rejection of the claim[.]”