638 So.2d 570 (1994)
SHANDS TEACHING HOSPITAL AND CLINICS, INC., a Florida not-for-profit corporation, and The Board of Regents of the State University System of Florida, Petitioners,
v.
Myrna BARBER and Nathaniel Barber, husband and wife, Respondents.
No. 93-3838.
District Court of Appeal of Florida, First District.
May 25, 1994.
Rehearing Denied July 14, 1994.
*571 Toby S. Monaco of Monaco & Monaco, P.A., Gainesville, for appellants.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellees.
MICKLE, Judge.
Petitioners, defendants in a pending medical malpractice action, seek a writ of certiorari to overturn a nonfinal order denying their motion to dismiss for failure to comply with the prefiling notice requirements of sections 766.106 and 766.203, Florida Statutes. We deny the petition.
The extraordinary remedy of certiorari will be granted only in those situations where the court acts without or in excess of its jurisdiction, or the order departs from the essential requirements of the law thus causing material injury throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal. Anderson By and Through Anderson v. Lore, 618 So.2d 369 (Fla. 1st DCA 1993); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).[1]
The provisions of sections 766.201-.212, Florida Statutes, are not to be allowed to impinge upon plaintiffs' right of access to the courts and must be construed as imposing upon plaintiffs only a reasonable and limited duty before allowing them to file a suit. See Wolfsen v. Applegate, 619 So.2d 1050 (Fla. 1st DCA 1993); Patry v. Capps, 633 So.2d 9 (Fla. 1994). See also Tracey v. Barrett, 550 So.2d 558 (Fla. 2d DCA 1989) (presuit notice statute does not require any particular form for the notice or any "magic words"; any manner of written notice which describes the occurrence of the underlying *572 claim should suffice). The purpose of a notice of intent to sue is to give the defendant notice of the incident in order to allow investigation of the matter and promote presuit settlement of the claim; the expert corroborative opinion is designed to prevent the filing of baseless litigation. Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA), rev. denied, 604 So.2d 487 (Fla. 1992). In the instant case, respondent's notice of intent and corroborating affidavit sufficiently identified the underlying incident giving rise to the claim of negligence, to wit, the perforation of her esophagus which occurred during her hospitalization, as well as the alleged resulting problems arising therefrom, thereby fulfilling the purpose of the statutory notice provision. Because petitioners have failed to demonstrate that the order of the trial court denying their motion to dismiss departed from the essential requirements of the law, the petition for writ of certiorari is DENIED.
ERVIN and DAVIS, JJ., concur.
NOTES
[1] Very recently, in Miami Physical Therapy Associates, Inc. v. Savage, 632 So.2d 114 (Fla. 3d DCA 1994), our sister court held that certiorari is the proper method to test an order denying a motion to dismiss for failure to comply with presuit notice requirements of section 766.106, Florida Statutes.