662 So.2d 1361 (1995)
Carmen Theresa ESCOBAR, Petitioner,
v.
Lauro OLORTEGUI, D.D.S., Respondent.
No. 94-3197.
District Court of Appeal of Florida, Fourth District.
November 22, 1995.
*1362 Sharon M. Sabel of Kenneth P. Liroff, P.A., Fort Lauderdale, for petitioner.
K. Drake Ozment, Fort Lauderdale, for respondent.
PER CURIAM.
Carmen Theresa Escobar (Escobar) seeks a writ of certiorari directed to the trial court's order denying respondent's motion to dismiss in a dental malpractice action, but ordering Escobar to furnish respondent with a corroborating affidavit of a medical expert pursuant to chapter 766. Because the order departs from the essential requirements of law resulting in irreparable harm which could not be remedied on plenary appeal, we grant the petition and quash the order.
Petitioner is a former dental patient of respondent Dr. Lauro Olortegui, a dentist from Plantation, Florida. She is suing him in Broward Circuit Court in a one-count complaint for negligence. Suit was filed in 1994. Prior to filing suit, petitioner/plaintiff commenced investigation of her dental negligence claim by mailing a request to respondent on September 13, 1993, for all of her dental records, including duplicate radiographs. Petitioner/plaintiff contends that respondent Dr. Olortegui never responded or forwarded petitioner's dental records or radiographs.
Petitioner's counsel sent to respondent/defendant a notice of intent to sue letter on April 6, 1994, including the statement: "Due to your failure to provide copies of the patient's chart and x-rays pursuant to the executed medical authorization form sent to you on 9/13/93, we decline to provide a corroborating affidavit."
Petitioner served her complaint on respondent on or about August 23, 1994, to which *1363 respondent filed a motion to dismiss. In it, he alleged that petitioner's failure to provide a corroborating affidavit of a medical expert warranted dismissal of the negligence suit. Argument on the motion was heard, and the trial court entered an order on October 11, 1994 which denied respondent's motion to dismiss, ordered respondent to mail to petitioner copies of her records, and that on receipt thereof, petitioner was to furnish respondent/defendant with the corroborating expert medical affidavit pursuant to Chapter 766. That latter portion of the order is the subject of this petition.
Certiorari lies in this case because the effect of the trial court's order is to abate the malpractice action until petitioner complies with the affidavit requirement. See generally Damus v. Parvez, 556 So.2d 1136 (Fla. 3d DCA 1989). This constitutes irreparable harm, because she has a right to proceed with her suit against Dr. Olortegui without furnishing the corroborating affidavit, but is being effectively denied that right by the trial court's order. As we noted in Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106, 110 (Fla. 4th DCA), rev. denied, 642 So.2d 1363 (Fla. 1994),
a right not to be exposed to a mere claim for such extraordinary damages[1], without a judge first determining that a factual basis exists to allow the claim to be pleaded, would not be much of a right if one had to wait until the end of the case to take a final appeal to review the trial court's failure to strike an unauthorized pleading for such damages.
Similarly here, if section 766.204(2) provides that respondent's failure to provide copies of petitioner's medical records waives respondent's right to have petitioner file a corroborating affidavit, and petitioner is compelled to file the affidavit anyway, as a condition to proceeding with her lawsuit, the statute's protection would indeed be illusory. Even if petitioner could appeal such ruling at the end of the case, what relief would be afforded? Because of this irreparable harm, and because the order departs from the essential requirements of law, petitioner is entitled to certiorari relief.
Next, it should be noted that Chapter 766 does apply to dental malpractice actions. See Campagnulo v. Williams, 563 So.2d 733 (Fla. 4th DCA 1990) (addressing statutory predecessor and pre-filing notice requirements), reversed on other grounds, 588 So.2d 982 (Fla. 1991); Berry v. Orr, 537 So.2d 1014 (Fla. 3d DCA 1988), rev. denied, 545 So.2d 1368 (Fla. 1989). Indeed, section 766.203, Florida Statutes (1993) expressly states in subsection (1) that presuit investigation of medical negligence claims and defenses pursuant to the statute shall apply to all medical negligence, including dental negligence claims and defenses.
Section 766.204, Florida Statutes (1993), provides in part:
(1) Copies of any medical record relevant to any litigation of a medical negligence claim or defense shall be provided to a claimant or a defendant, or to the attorney thereof, at a reasonable charge within 10 business days of a request for copies. It shall not be grounds to refuse copies of such medical records that they are not yet completed or that a medical bill is still owing.
(2) Failure to provide copies of such medical records, or failure to make the change for copies a reasonable charge, shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requirement of written medical corroboration by the requesting party.
Petitioner argues that since respondent/defendant failed or refused to provide copies of her dental records as requested, he also waived the requirement of written medical corroboration which he requested. Petitioner contends that the trial court's order in this case fails to apply this waiver by statute, and requires her to do what is no longer *1364 required. See Wilkinson v. Golden, 630 So.2d 1238 (Fla. 2d DCA 1994) (holding, inter alia, that section 766.204 provided that failure to comply with requirement to produce relevant medical records in 10 days resulted in waiver of right to receive medical corroboration from opposing party). She also argues that the order operates as an unauthorized abatement of her dental malpractice action, since it does not require respondent/defendant to file an answer until after receipt of that corroborating affidavit which was waived by statute.
Petitioner acknowledges that respondent/defendant's counsel attempted to comply with the order on review by mailing a typed transcript of dental records, dated September 10, 1993, almost four years after treatment commenced. However, petitioner contends that this is not adequate compliance with the statutes governing. We agree.
Because respondent failed to provide copies of Escobar's actual records, as required, the necessity of corroborating affidavit was waived as provided in subsection (2) of section 766.204. We grant the petition and quash that part of the trial court's order requiring petitioner to furnish the corroborating expert affidavit. We remand for further proceedings consistent with this petition.
GUNTHER, C.J., and POLEN and PARIENTE, JJ., concur.
NOTES
[1] i.e., punitive damages