PER CURIAM.
This is an appeal by the defendant Ruben Serrano from a trial court order denying his motion to correct an illegal sentence under Fla.R.Crim.P. 3.800(a). We conclude, eon-trary to the defendant’s contention, that a sufficient predicate was laid by the state for the trial court to declare the defendant a habitual violent felony offender under Section 775.084(l)(b), (4)(b), Florida Statutes (1989). Upon the state’s confession of error, however, we conclude that it was illegal for the trial court to impose two consecutive habitual violent offender sentences of thirty years each on the two counts of aggravated battery for which the defendant was convicted, as only concurrent sentences were permissible in this case. State v. Callaway, 658 So.2d 983 (Fla.1995); Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994).
The trial court order denying the defendant’s motion to correct an illegal sentence is reversed, and the cause is remanded to the trial court with directions to grant the subject motion and thereafter impose the sentences originally entered in all respects, except that the sentences imposed on the defendant’s two convictions shall run concurrently, rather than consecutively.
Reversed and remanded.