695 So.2d 436 (1997)
Shelby and Thomas WATSON, Appellants,
v.
Nathan BECKMAN, D.D.S., Appellee.
No. 96-1901.
District Court of Appeal of Florida, Third District.
May 21, 1997.
Rehearing Denied June 25, 1997.
*437 Simon, Nelson & Ruggiero; Lauri Waldman Ross, Miami, for appellants.
Ferdie and Gouze and Ainslee R. Ferdie, Miami, for appellee.
Before FLETCHER, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Shelby and Thomas Watson appeal an order dismissing a dental malpractice action filed against Dr. Nathan Beckman, Ms. Watson's dentist, premised on Ms. Watson's failure to comply with the pre-suit screening statutes. Ch. 766, Fla. Stat. (1993). We reverse.
Contrary to Dr. Beckman's contention, Ms. Watson's failure to provide a verified corroborating expert opinion with the notice of intent to initiate litigation[1] does not justify dismissal. § 766.203(2), Fla. Stat. (1993). That requirement was waived by Dr. Beckman's failure to comply with Ms. Watson's request for copies of her dental records. § 766.204(2), Fla. Stat. (1993); Escobar v. Olortegui, 662 So.2d 1361 (Fla. 4th DCA 1995). Furthermore, Ms. Watson provided Dr. Beckman with the requisite opinion within the statute of limitations period. The record reveals that Ms. Watson conducted an investigation and obtained a verified corroborating expert opinion as to Dr. Beckman's treatment before filing her complaint. The expert rendered his opinion based on Ms. Watson's records from other dentists who had treated her before and after treatment by Dr. Beckman. It also appears that the expert conducted his own examination. That opinion was provided to Dr. Beckman before the expiration of the statute of limitations period. Ms. Watson's compliance within the statutory period renders dismissal improper. See Kukral v. Mekras, 679 So.2d 278 (Fla. 1996). In permitting such compliance within the limitations period, the Kukral court stated that "the medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses." Kukral, 679 So.2d at 284. This decision is consistent with that principle. Accordingly, we reverse the order and remand the cause for further proceedings.
Reversed and remanded.
NOTES
[1] The notice was sent to Dr. Beckman by certified mail with a return receipt requested. Dr. Beckman did not sign the receipt.