710 So.2d 1 (1998)
Joan Maley OTTO and James Maley, as the natural guardians and next of friend of Christopher Otto, Appellants,
v.
J.J. RODRIGUEZ, M.D., Appellee.
No. 96-3557.
District Court of Appeal of Florida, Fourth District.
February 4, 1998.
Rehearing Denied March 24, 1998.
*2 Robert A. Rosenblatt of Law Offices of Robert A. Rosenblatt, P.A., Coral Gables, for appellants.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellee.
STONE, Chief Judge.
We affirm a final order dismissing this medical malpractice complaint for Plaintiffs-Appellants' failure to provide the pre-suit notice mandated by section 766.106, Florida Statutes. Defendant/Appellee's failure to provide full and complete medical records under section 766.204, Florida Statutes, which prevented the plaintiffs from obtaining a medical affidavit as required under section 766.205, Florida Statutes, did not constitute a waiver of the required notice.
In May 1995, Appellants' counsel sent an authorization for medical information to Appellee seeking complete medical information, including copies of duplicates of any x-rays, MRIs, CT scans, or cyanogenic studies. Appellee, in response, sent nine pages of medical record but did not forward diagnostic films. In August 1995, counsel sent a letter requesting copies of x-rays, CT scans or MRIs, obstetric ultrasounds, and cyanogenic studies. Appellee did not respond.
Appellants filed a medical malpractice complaint on November 2, 1995, but did not file an affidavit of corroborating medical opinion as required by section 766.205, or a notice of their intent to file suit as required by section 766.106. They filed suit one day before the statute of limitations expired and acknowledged that they had not complied with the statutory requirement for pre-suit notice. The trial court dismissed their complaint based on this noncompliance and the expiration of the statute of limitations.
Appellants argue that the notice requirement should be waived where they were unable to fulfill the corresponding statutory pre-suit condition requiring a corroborating medical opinion, due to the doctor's failure to furnish necessary medical records. See §§ 766.204-05, Fla. Stat (1995).
Section 766.204(2) provides, "Failure to provide copies of such medical records, or failure to make the charge for copies a reasonable charge, shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requirement of written medical corroboration by the requesting party." (emphasis added) Patently, the statute does not contemplate waiver of the pre-suit notice requirement. Instead, it specifies that the penalty for failing to comply in good faith with the pre-suit discovery is only a waiver of the plaintiff's duty to furnish corroboration of medical claims. The duties to furnish notice and a medical affidavit are not inextricably linked. A corroborating medical opinion need not accompany the notice of intent as long as both pre-suit requirements are met before the statute of limitations expires. Kukral v. Mekras, 679 So.2d 278 (Fla.1996).
Moreover, the purpose behind the notice of intent to file suit is "to give the defendant notice of the incident in order to allow investigation of the matter and promote presuit settlement of the claim." Kukral, 679 So.2d at 282. In contrast, the purpose of the corroborating medical opinion is to corroborate the legitimacy of the claim and prevent the filing of baseless litigation. Id. To allow Appellants to file their claim without notice would thwart a primary objective of the statute. Here, the parents could have filed notice and then requested the records. The corroborating medical opinion requirement would then be waived upon Appellee's failure to comply. See Escobar v. Olortegui, 662 So.2d 1361 (Fla. 4th DCA 1995) (holding that the doctor/defendant waived the corroborating medical opinion requirement where the doctor had previously received a notice of intent to file suit but failed to comply with the good faith discovery requirements); Watson v. Beckman, 695 So.2d 436 (Fla. 3d DCA 1997) (holding that *3 the defendant/dentist waived the corroborating expert opinion requirement where he received a notice of intent but failed to comply with plaintiff's request for dental records).
We note that Appellants did not allege in their complaint that the pre-suit notice requirement had been met, but instead conceded that they failed to comply. Therefore, authorities recognizing that notice may be excused by logistical errors in furnishing it are inapposite. See Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991) (notice sent to one brother's dental studio where the other brother, who was the treating dentist, was an associate); Solimando v. Aloha Med. Ctr., 594 So.2d 850 (Fla. 2d DCA 1992) (notice sent by regular mail, instead of certified mail).
We recognize that dismissal is a harsh sanction. However, any other result thwarts the underlying requirements of the medical malpractice statutes. Thus, the trial court did not err by dismissing the case. See Williams v. Campagnulo, 588 So.2d 982 (Fla. 1991) (upholding the dismissal of the cause where the plaintiffs did not file a notice of intent within the statute of limitations period).
KLEIN and GROSS, JJ., concur.