743 So.2d 541 (1999)
Patricia MEDINA and Gabriel Medina, her husband, Appellants,
v.
The PUBLIC HEALTH TRUST d/b/a Jackson Memorial Hospital, Appellee.
No. 98-1374.
District Court of Appeal of Florida, Third District.
March 10, 1999.
Karen Gievers, Tallahassee; John B. Ostrow; James C. Blecke, Miami, for appellants.
Robert A. Ginsburg, County Attorney, and Maria Arista-Volsky, Assistant County Attorney, for appellee.
Before LEVY, GREEN and SHEVIN, JJ.
SHEVIN, Judge.
Plaintiffs Patricia and Gabriel Medina appeal an order dismissing their medical malpractice complaint for failure to comply with statutory pre-suit requirements. We reverse.
*542 Patricia Medina was admitted to Jackson Memorial Hospital for elective neck surgery. She was discharged more than three months later with both feet amputated. The Law Offices of Sheldon J. Schlesinger, P.A., requested Medina's medical records. Schlesinger readily agreed to pay the copy charges. Schlesinger received the x-rays approximately one month after the request, and he received copies of the medical records more than two months later. Medina mailed Notices of Intent to Initiate Medical Malpractice Litigation to The Public Health Trust d/b/a Jackson Memorial Hospital and to the University of Miami School of Medicine, as required by section 766.203, Florida Statutes (1997). The Notices asserted that because of defendants' failure "to comply with their obligations to produce the pertinent medical records as required by section 766.204, prospective defendants had waived the requirement of written medical corroboration...." The University agreed to arbitration, eventually settling with the plaintiffs. Medina sued the hospital. The hospital did not raise Medina's failure to attach a corroborating medical affidavit to her notice of intent until its second amended answer, eight months after the complaint was filed. Finding that the hospital had not waived the corroboration requirement, the trial court dismissed the complaint.
Section 766.204(2), Florida Statutes (1997), provides that failure to provide copies of medical records within 10 days "shall waive the requirement of written medical corroboration" by the party requesting the copies. As the hospital far exceeded the section 766.204(1) ten-day deadline in providing Schlesinger with the requested records, under section 766.204(2) the hospital waived the corroborating affidavit requirement. See Escobar v. Olortegui, 662 So.2d 1361 (Fla. 4th DCA 1995). See also Otto v. Rodriguez, 710 So.2d 1 (Fla. 4th DCA)(failure to comply with records request waives corroborating opinion requirement), review denied, 718 So.2d 170 (Fla.1998); Watson v. Beckman, 695 So.2d 436 (Fla. 3d DCA 1997)(same). Medina's Notice properly characterized the waiver, and the trial court erred in finding otherwise.
Based on the foregoing, we reverse the dismissal and remand for further proceedings.
Reversed and remanded.