SHAHOOD, J.
Pro se incarcerated appellant, Kevin O’Hanrahan, filed a “Petition for Professional Malpractice of a Medical Nature Seeking Relief for Damages et. el. and Professional Negligence” against Harry K. Singletary, Secretary of Dept, of Corrections [1] Dr. Vijay, Chief Health Officer, M. Ramirez, Physicians Assistant, and Marilyn Burns, Health Services Administrator. In his petition, appellant raised medical malpractice claims and Eighth Amendment violations against the various defendants. The trial court entered a Final Judgment of Dismissal with prejudice on the grounds that appellant failed to produce a verifiable, corroborating medical expert opinion under section 766.202(5), Florida Statutes, in order to substantiate his medical malpractice claims. We affirm in part and reverse and remand in part with directions.
We affirm the trial court’s dismissal of appellant’s petition based on his failure to produce a verifiable, corroborating medical expert opinion as defined in section 766.202(5), Florida Statutes, in order to comply with presuit requirements for initiating a medical malpractice action. Further, ^ye reject appellant’s request to declare Chapter 766, Florida Statutes, unconstitutional as applied to an incarcerated, pro se claimant, as a denial of access to courts.
In this case, there is no evidence that appellant was denied access to the courts. *97 The -written medical expert opinion submitted by appellant simply did not comply with the requirements set forth in Chapter 766. Not only was the letter allegedly written by appellant’s expert, Dr. Ricardo Samitier, unverified, appellant represented that Dr. Samitier was no longer engaged in the practice of medicine. Further, there was no evidence that Dr. Samitier was duly and regularly involved in the practice of medicine or whether he was even qualified to render an expert opinion in this case.
Appellant next argues that the trial court erred in dismissing his complaint with prejudice as to all parties named in his petition. We agree to the extent that it is impossible to determine from appellant’s petition whether his medical malpractice claims are extinguished. The failure to comply with Chapter 766 presuit requirements may not result in the dismissal of an action unless it is clear that the claimant could not possibly cure the defect and still maintain the action in compliance with the statutes. See Citron v. Shell, 689 So.2d 1288, 1290 (Fla. 4th DCA 1997). Further, since the trial court’s order does not address appellant’s Eighth Amendment claims, such claims may still be viable. Due to the confusing nature of appellant’s pleading, we are compelled to reverse and remand the trial court’s dismissal with prejudice.
Accordingly, we affirm the final judgment of the trial court in all respects, except as to the dismissal with prejudice, and direct the trial court to modify its final judgment to reflect that the dismissal is without prejudice and allow appellant leave to amend his petition against one or more of the named defendants.
Affirmed in part; reversed and remanded in part with directions.
DELL and GROSS, JJ., concur.

. Harry K. Singletary was replaced by Michael W. Moore as the new Secretary for the Department of Corrections.