PER CURIAM.
Appellant, David Mincey, appeals an order dismissing his medical malpractice complaint for failure to provide a written corroborating medical opinion either with his notice of intent to sue or afterwards. See sec. 766.208, Fla. Stat. (1999). We reverse.
The failure to provide copies of the requested medical records “shall waive the requirement of written medical corroboration by the requesting party.” Sec. 766.204(2), Fla. Stat. (1999); see also De La Torre v. Orta, 785 So.2d 553 (Fla. 3d DCA 2001) (“[P]laintiffs may obtain the benefit of subsection 766.204(2) simply by showing that defendant failed to produce, duly requested documents. To invoke this part of the statute, plaintiffs need not make any showing that they were prejudiced by the nonproduction.”); Medina v. Public Health Trust, 743 So.2d 541 (Fla. 3d DCA 1999), review denied, 763 So.2d 1044 (Fla.2000); Otto v. Rodriguez, 710 So.2d 1 (Fla. 4th DCA), review denied, 718 So.2d 170 (Fla.1998); Watson v. Beckman, *1082 695 So.2d 436 (Fla. 3d DCA 1997). In this case, Appellant submitted a written request for his medical records in which he stated that the request was being made in order to comply with the pre-suit requirements of Chapter 766. The Department denied his request. Appellant then filed his notice of intent to sue, stating that the Department had waived the corroboration requirement. Only then did the Department offer to make copies for Appellant. However, after having already denied the request, the Department’s waiver was complete and could not be unilaterally revoked.
Accordingly, because the Department waived the written medical corroboration requirement when it denied Appellant’s request for his medical records, we REVERSE the dismissal of Appellant’s complaint and REMAND for further proceedings.
ALLEN, C.J., and MINER and DAVIS, JJ., concur.