PER CURIAM.
We grant this petition for writ of certio-rari and quash an order that dismissed Bailey’s medical malpractice action for his *650 failure to comply with pre-suit notice requirements.
Bailey is a prison inmate. He received medical treatment in 2002, which he claims was haphazard and discontinued prematurely. In March 2003, Bailey submitted an inmate request form for medical records he needed to comply with the pre-suit requirements of chapter 766, Florida Statutes. He attached a signed consent and release form to his record request and noted that he had made a similar request months earlier, but had not received his records.
The department’s response to the inmate request form states “[u]nder confidentiality we are unable to release this [sic] confidential records to you, if you have your lawyer to request this we will be happy to comply.” Bailey is not represented by counsel. He requested his medical records again in April 2003, and was again denied.
Bailey also filed an inmate request to be evaluated by an independent physician to meet the pre-suit requirements of chapter 766. He was told that any request for treatment outside the Department of Corrections would have to be approved by another office.
On April 29, 2003, Bailey filed a notice of intent to sue, and in November 2003, he filed suit. The complaint alleged that he was not able to comply with pre-suit requirements because the defendants would not release his medical records.
The defendants filed motions to dismiss the complaint, claiming they did not refuse to provide him with copies of his records. All of the defendants asserted that the records requests were not directed to them.
Bailey argued the records requests reached all of the defendants, either directly or through their agent. Bailey argued that he submitted his request to the medical department at Glades Correctional Institution, and the request was denied by T. Benjamin, the medical records supervisor. Bailey does not know whether Benjamin is employed by the state directly or by Wexford Health Services. Bailey asserted that the medical department at Glades Correctional Institution was the only place that he could have obtained his medical records at that time. The complaint alleged that Wexford, the company that provides medical care to inmates, is under the direction of the medical director at Glades Correctional Institution and the Department of Corrections.
Wexford, and the medical director of Glades Correctional Institution, Dauphine, argued the department’s failure to respond should not constitute a waiver of the pre-suit requirements as to them. Wexford and Dauphine claimed they never received a request for medical records. However, Bailey’s appendix includes inmate request forms indicating that he requested his medical records at least twice, once through the medical records supervisor at the Department of Corrections and once through the warden.
After the notice of intent to file suit was served, the medical records supervisor advised Bailey he could purchase his medical records and allowed Bailey to view some of them. Bailey argued the pre-suit requirement was, nevertheless, waived because the defendants did not timely comply with the records request and did not offer to provide the records until after Bailey served his notice of intent to file suit. See §§ 766.204(1) and 766.204(2), Fla. Stat. (2002); Mincey v. Moore, 814 So.2d 1081 (Fla. 1st DCA 2002) (reversing an order dismissing an inmate’s complaint for failure to provide a corroborating medical opinion, finding that defendant waived the pre-suit requirement because the Depart *651 ment of Corrections initially denied the inmate’s records request and did not offer to make copies of his medical records until after he filed his notice of intent to sue); Medina v. Public Health Trust, 743 So.2d 541 (Fla. 3d DCA 1999) (defendant waived pre-suit requirement of medical corroboration by failing to provide copies of the medical records within ten days; x-rays were provided a month after the request and medical records, were provided two months after the request).
In Escobar v. Olortegui, 662 So.2d 1361 (Fla. 4th DCA 1995), before filing a'malpractice action against her dentist, a patient requested that he provide all of her dental records. The dentist did not respond. The patient filed suit, and the dentist moved to dismiss the action for failure to provide a corroborating affidavit. The trial court ordered the dentist to provide the records and ordered the patient to provide a corroborating affidavit. This court granted a petition for certiorari and quashed the order, noting the order had essentially abated the malpractice action until the patient complied with the pre-suit affidavit requirement and that the patient had a right to proceed with her action without providing a corroborating affidavit. Bailey argues that, like Escobar, he has a right to proceed without a corroborating affidavit.
In their motion to dismiss, Wexford and Dauphine argued that because Bailey did not request his medical records from them specifically, the Department of Corrections’ denial of his request did not constitute a waiver of their rights. See Tapia-Ruano v. Alvarez, 765 So.2d 942 (Fla. 3d DCA 2000) (concluding the hospital’s failure to provide medical records did not waive the requirement that plaintiffs provide the doctor with written medical corroboration of their malpractice' claim).
Bailey claims the request for medical records was sent to Glades Correctional Institution. The person who responded to his request is the medical records supervisor. Bailey does not know whether Benjamin is a Wexford employee or a state employee. Bailey argues all of these defendants are so intertwined that the refusal of one of the defendants to release his medical records should act as a waiver against all of them. He notes that section 768.28(10)(a), Florida Statutes, provides that health care providers and their employees, who have contracted as agents of the Department of Corrections to provide health care to inmates, are treated as agents of the state for purposes of sovereign immunity.
Here, absent an evidentiary hearing and fact-findings, we are left with claims that treatment is being provided through the Department of Corrections and the medical providers appear to be acting as agents of the department. The inmate request was submitted through the Department of Corrections to “medical,” and there is no indication of who else Bailey could have noticed to obtain his medical records. The defendants have brought forward no facts to refute Bailey’s claims or to explain why his records x-equest was not sufficient.
We have considered Yocom v. Wuesthoff Health Systems, Inc., 880 So.2d 787 (Fla. 5th DCA 2004), but find it distinguishable. There, the trial court conducted an eviden-tiary hearing. The court found that the pre-suit requirement was not waived because Yocom was responsible for the delay by not complying with the hospital’s instructions to obtain the records. The Fifth District affirmed, concluding that the trial court’s' finding was ‘ entitled to the presumption of correctness. The reasoning in Yocom does not support the dismissal in this case. Not only are the facts distinguishable, but the trial court, in this *652 case, did not conduct an evidentiary hearing or make findings of fact regarding the issue of waiver.
Given Bailey’s claims, lack of rebuttal, information, and no factual findings, the record does not support dismissal.
We, therefore, grant the petition and quash the order without prejudice to the parties for the court to conduct an eviden-tiary hearing to determine the relationship between the defendants, whether, the defendants maintain separate medical records, and why the records request through the Department of Corrections “medical” is not a sufficient request as to Wexford or Dauphine.
STONE, WARNER and MAY, JJ„ concur.