HAZOURI, J.
 

 Tryshane Houston appeals an order dismissing his amended complaint of medical negligence against Global Experts in Outsourcing, Inc., Dr. Jean Dauphin, Dr. Marc Tennebaum, and Dr. Ken Kam (defendants), asserting that the trial court erred in dismissing the amended complaint as legally insufficient for failure to provide corroborating opinion from a verifiable medical expert. Houston asserts that he is relieved of the requirements of providing corroborating medical expert opinion because the defendants failed to comply with section 766.204, Florida Statutes (2009), by not providing him with copies of the medical records relevant to litigation of his medical negligence claim.
 

 Houston, a prison inmate incarcerated at the South Bay Correctional Facility, which is operated on behalf of the state by Global Experts in Outsourcing, Inc., acting pro se and being indigent, filed the medical negligence complaint against the aforesaid defendants.
 

 The trial judge, pursuant to section 57.085(6), Florida Statutes (2009)
 
 [1]
 
 , reviewed Houston’s claim and determined that it was legally insufficient as Houston failed to clearly indicate what his theory of liability was in reference to the medical negligence claim. In his initial complaint, Houston set forth facts alleging that he had requested copies of his medical records in order to comply with the dictates of section 766.204 and attached a copy of his request in support thereof. The document was a State of Florida Department of Corrections Form for a Request for Administrative Remedy or Appeal. Houston checked off that it was to be sent to the warden. Houston wrote:
 

 I request for copys [sic] of my medical files, for a pre-suit notice requirement. I’m indigent and have no money in my Inmate banking account. I need copys [sic] of my medical records relating to a body rash. I need written prescriptions, bacterial swab results, blood works, specialist reports. I’m asking can this facility or medical department to [sic] place a lien on my account. I know a fee will be charged for each copy and if you do not have money in the I/m account and is indigent and lien can be placed on your account.
 

 Houston signed and dated his request on April 21, 2009. The response from Dr. Dauphin, who signed it, as well as the warden, on May 13, 2009, stated:
 

 Your request for administrative remedy or appeal has been received and reviewed.
 

 You are entitled to review your medical records but copies of the same cannot be released until the fees are received as established by the Department of Corrections. No exceptions can be made. Based on the above information, your grievance is denied for placing a lien on your account.
 

 
 *325
 
 You may obtain further administrative review of your complaint by obtaining form DC1-30S, completing the form, providing attachments as required by 33-103.007 and forwarding to the office of inmate grievance appeals, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500.
 

 At paragraph 32 of the complaint, appellant alleges:
 

 The Defendants have engaged in obstructionist tactics by failing to provide the Plaintiff with copies of his medical records, failed to provide the Plaintiff with an independent medical opinion. In fact, they, with notice of impending suit, have prevented the Plaintiff from complying in full with the Presuit requirement of sec. 766. Consequently, Plaintiff requests on evidentiary in that any objection to Plaintiffs lack of compliance with presuit requirements has been waived because of the Defendants’ actions. See
 
 Bailey v. Florida Department of Corrections,
 
 904 So.2d 649 (Fla. 4th DCA 2005).
 

 Following the dismissal of his complaint for failure to allege sufficient facts to support a cause of action, Houston filed an amended complaint asserting additional facts concerning his cause of action and repeated the same allegations regarding his request for medical records as well as his allegations in paragraph 32, which is now numbered paragraph 34.
 

 On March 26, 2010, Houston filed his Omnibus Motion to Direct Clerk to Process and File Plaintiffs Amended Complaint, Rule of [sic] Plaintiffs Amended Complaint and Serve Summonses to Defendants. On March 26, 2010, the trial court entered the order on appeal entitled Order Dismissing Plaintiffs Motion and Dismissing the Amended Complaint as Legally Insufficient. It made the following findings and legal rulings:
 

 Plaintiffs request to direct the Clerk to process and file the Amended Complaint is moot as the Amended Complaint has been filed. Further, Plaintiffs request to direct the Clerk to served [sic] summons on the Defendants is premature. Since this case has been previously dismissed, the Clerk cannot issue summons until the Court reopens the case. Plaintiffs Amended Complaint is legally insufficient. Plaintiff must provide corroborating opinion from verifiable medical expert.
 
 See O’Hanrahan v. Moore,
 
 731 So.2d 95 (Fla. 4th DCA 1999). Accordingly, it is hereby
 

 ORDERED AND ADJUDGED Plaintiffs Complaint is DISMISSED without prejudice as legally insufficient. Plaintiffs Motion is also DISMISSED. The Clerk is instructed to reopen the case.
 

 Houston argues that the trial court erred in dismissing his Amended Complaint without holding an evidentiary hearing because defendants waived the corroborating expert opinion when they failed to comply with the ten-day production of records requirement. We agree.
 

 The trial court dismissed the Amended Complaint as legally insufficient relying on
 
 O’Hanrahan v. Moore,
 
 731 So.2d 95 (Fla. 4th DCA 1999). In that case, this court affirmed the dismissal of the pro se incarcerated plaintiffs petition for medical malpractice because he failed to produce a verifiable, corroborating medical expert opinion under section 766.202(6), Florida Statutes. That section requires that the opinion be submitted by a medical expert. O’Hanrahan’s corroborating medical expert opinion was not prepared by a proper medical expert, therefore his medical expert opinion did not meet the statutory requirements and the trial court properly dismissed O’Hanrahan’s complaint. By citing this, it appears the trial court in the
 
 *326
 
 instant case found Houston’s Amended Complaint legally insufficient because it did not have the corroborating medical expert opinion attached.
 

 Section 766.204, Florida Statutes, is titled “Availability of medical records for presuit investigation of medical negligence claims and defenses; penalty” and provides in pertinent part:
 

 (1) Copies of any medical record relevant to any litigation of a medical negligence claim or defense shall be provided to a claimant or a defendant, or to the attorney thereof, at a reasonable charge ■within 10 business days of a request for copies, except that an independent special hospital district with taxing authority which owns two or more hospitals shall have 20 days. It shall not be grounds to refuse copies of such medical records that they are not yet completed or that a medical bill is still owing.
 

 (2) Failure to provide copies of such medical records, or failure to make the charge for copies a reasonable charge, shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requiremént of written medical corroboration by the requesting party.
 

 In
 
 Martin Memorial Medical Center, Inc. v. Herber,
 
 984 So.2d 661 (Fla. 4th DCA 2008), the defendant hospital filed a petition for writ of certiorari after the trial court denied its motion to dismiss for,
 
 inter alia,
 
 failing to provide a corroborating medical affidavit. The plaintiff had requested medical records from the hospital on January 7, 2005, and although sent to the incorrect address, the written request was received by the hospital on January 17, 2005. The records were sent to plaintiff on February 1, 2005, more than 10 days later. On appeal, after quoting the statute above, this court held:
 

 We previously held that the failure to provide medical records as required under section 766.204(1) obviates the necessity of providing a corroborating affidavit under section (2).
 
 Escobar [v. Olortegui],
 
 662 So.2d 1361[,][] 1364 [ (Fla. 4th DCA 1995) ];
 
 see also Medina v. Jackson Mem’l Hosp.,
 
 743 So.2d 541 (Fla. 3d DCA 1999). Martin Memorial, by its own admission received the request for records on January 17, 2005 and mailed the records on February 1, 2005; thirteen business days elapsed in the interim. Because Martin Memorial did not provide the records within ten days, the statute provides that Ms. Her-ber was under no obligation to furnish a corroborating affidavit with her notice of intent or any time thereafter.
 

 Id.
 
 at 664.
 

 In
 
 Bailey v. Florida Department of Corrections,
 
 904 So.2d 649 (Fla. 4th DCA 2005), Bailey was a prison inmate who, after receiving negligent care, submitted an inmate request form to the medical department at Glades Correctional Institution for medical records he needed to comply with the pre-suit requirements of chapter 766, Florida Statutes. He submitted it in March 2003 along with a signed consent and release form. He had made a similar request a month before. The Department responded that “[u]nder confidentiality we are unable to release this [sic] confidential records to you, if you have your lawyer to request this we will be happy to comply.” Bailey was acting
 
 pro se.
 
 He requested them again and was again denied. Bailey filed his notice of intent to sue at the end of April 2003 and filed suit in November 2003. He alleged he was not able to comply with the pre-suit requirements because the defendants would not release his medical records. The defendants, Wexford Health Sources, Inc. and Jean Dauphin, Medical Director of Glades Correctional Institution, filed a motion to dismiss claim
 
 *327
 
 ing they did not refuse to provide copies and that the records requests were not directed to them but to the Department of Corrections. Therefore, they argue, this did not constitute a waiver of their rights. The trial court dismissed the action for failure to comply with the presuit requirements. On appeal, this court held that due to the evidentiary questions as to the relationship between the defendants, whether the defendants maintained separate medical records, and why the records request through the Department of Corrections “medical” was not sufficient, an evidentiary hearing needed to be held as to Wex-ford and Dauphin.
 
 Id.
 
 at 652.
 

 In Houston’s amended complaint, he has made claims against Global Experts in Outsourcing which he alleges has contracted with the State of Florida for the care of the inmates. He alleges that the three doctors he is suing are employed by Global Experts. Dr. Dauphin, one of the defendants, actually signed the tardy refusal to provide the records without payment. The trial court dismissed this case on its own without the defendants moving to dismiss. This was error. The trial court also erred in dismissing the amended complaint as the medical records were clearly not provided within ten days of the request.
 

 We reverse the order dismissing the amended complaint and as we held in
 
 Bailey,
 
 do so without prejudice for the trial court upon motion of any party to conduct an evidentiary hearing in order to make findings of fact regarding the issue of waiver.
 

 Reversed and, Remanded.
 

 TAYLOR and LEVINE, JJ., concur.
 

 [1]
 

 . Section 57.085(6), Florida Statutes (2009), provides:
 

 Before an indigent prisoner may intervene in or initiate any judicial proceeding, the court must review the prisoner’s claim to determine whether it is legally sufficient to state a cause of action for which the court has jurisdiction and may grant relief. The court shall dismiss all or part of an indigent prisoner’s claim which:
 

 (a) Fails to state a claim for which relief may be granted;
 

 (b) Seeks monetary relief from a defendant who is immune from such relief;
 

 (c) Seeks relief for mental or emotional injury where there has been no related allegation of a physical injury; or
 

 (d) Is frivolous, malicious, or reasonably appears to be intended to harass one or more named defendants.