# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1328
Lower Tribunal No. 17-3493
_____

**University of Miami, etc.,**
Petitioner,

vs.

**Shanay Hall Jones, etc.,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Fowler White Burnett, P.A., and Christopher E. Knight and Marc J. Schleier, for petitioner.

Louis Thaler, P.A., and Louis Thaler, for respondent.

Before LOGUE, C.J., and EMAS and LOBREE, JJ.

PER CURIAM.

The defendant below, University of Miami d/b/a University of Miami

Hospital ("the University"), petitions this Court for a second writ of certiorari,[1] seeking to quash the trial court's order denying its motion to dismiss the plaintiff, Shanay Hall Jones's ("Jones") ,complaint for failure to comply with the pre-suit requirements of Chapter 766, Florida Statutes. For the following reasons, we deny the petition.

As an initial matter, the University contends that certiorari relief is warranted because the trial court adopted Jones's proposed order verbatim. "At a minimum, [section 766.206(1)] require[s that] the trial court make an express finding as to [the claimant's] compliance with the presuit requirements." PP Transition, LP v. Munson, 232 So. 3d 515, 516 (Fla. 2d DCA 2017). Thus, the University alleges that the trial court could not adopt Jones's proposed order outright.

Trial courts are not precluded from adopting a party's proposed order, so long as the order does not "substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge." Perlow v. Berg-Perlow, 875 So. 2d 383, 388–390 (Fla. 2004). Here, the record reflects that

---

[1] In University of Miami v. Jones, 338 So. 3d 401 (Fla. 3d DCA 2022), this Court quashed the trial court's December 8, 2021 order because it failed to make an express finding on Jones's compliance with the statutory requirements. Id. at 403. Here, the University seeks review of a subsequent order, entered after the trial court held an evidentiary hearing on the matter.

the trial judge did not adopt Jones's proposed order without thought or analysis. The trial court permitted both parties to call and question witnesses at the evidentiary hearing and to submit proposed orders, several days before ruling. As such, the court did not depart from the essential requirements of the law.

Next, the University cites to <u>Otto v. Rodriguez</u>, 710 So. 2d 1 (Fla. 4th DCA 1998), to argue that its failure to provide medical records did not waive all of Jones's pre-suit requirements under section 766.106, Florida Statutes (2023).[2] The University is correct in that regard, yet, in <u>Otto</u>, the claimant provided no notice whatsoever. <u>Otto</u>, 710 So. 2d at 2–3. In contrast, here, Jones afforded the University with notice. "[Chapter 766] does not require any particular form for the notice or any 'magic words.' Any manner of written notice which describes the occurrence underlying the claim should suffice." <u>Tracey v. Barrett</u>, 550 So. 2d 558, 560 (Fla. 2d DCA 1989). Here, the trial court found that the notice was sufficient given the limited information available,[3] and concluded that Jones complied with the pre-suit notice

---

[2] Chapter 766 contains several prerequisites to filing a medical malpractice action. <u>See, e.g.</u>, § 766.104(1), Fla. Stat. (2023); § 766.106(2)(a), Fla. Stat. (2023); § 766.203(2), Fla. Stat. (2023).

[3] The University failed to comply with Jones's requests for medical records, waiving the requirement for a corroborating medical expert opinion. <u>See</u> § 766.204(2), Fla. Stat. (2023).

requirements. The trial court did not depart from the essential requirements of the law in making these findings.

Accordingly, we deny the petition.